BELVA RAY, Plaintiff-Appellant, *v.* FRED BOKORNEY, Defendant-Appellee.

(No. 54726; )

First District—May 18, 1971.

Perz & McGuire, of Chicago, (Joseph T. McGuire and Roger T. Suhar, Jr., of counsel,) for appellant.

Meyers & Matthias, of Chicago, (Robert J. Hourigan, of counsel,) for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

This is an appeal from an order dismissing plaintiff's complaint with prejudice.

On February 25, 1966, plaintiff filed a lawsuit four days short of the applicable statute of limitations seeking damages for personal injuries she sustained on defendant's property on February 29, 1964. A summons was issued but never served upon defendant. On March 12, 1969, three years later, plaintiff's suit was dismissed for want of prosecution. Immediately thereafter, on March 14, 1969, a subpoena was issued in the case, which had not been reinstated, requiring Burton Katz, manager of the real estate, to disclose the identity and location of the owner, Fred Bokorney. Ten days later, on March 24, 1969, plaintiff filed another action pursuant to Ill. Rev. Stat. (1967) ch. 83 par. 24a * and served defendant at his address in the State of Minnesota.

In lieu of an answer, defendant filed a motion to dismiss this second suit, contending that plaintiff failed to exercise diligence in obtaining service of summons in the initial suit, as required by Supreme Court Rule 103(b) (Ill. Rev. Stat. (1967) ch. 110A par. 103).** Affidavits of defendant and his real estate manager were filed in support of the motion.

---

\* Ill. Rev. Stat. (1967) ch. 83 par. 24a reads as follows:
"In the actions specified in this Act or any other act or contract where the time for commencing an action is limited, if judgment is given for the plaintiff but reversed on appeal; or if there is a verdict for the plaintiff and, upon matter alleged in arrest of judgment, the judgment is given against the plaintiff; or if the plaintiff is non-suited, *or the action is dismissed for want of prosecution* then, whether or not the time limitation for bringing such action expires during the pendency of such suit, the plaintiff, his heirs, executors or administrators *may commence a new action within one year* or within the remaining period of limitation, whichever is greater, after such judgment is reversed or given against the plaintiff, or after the plaintiff is non-suited or the action is *dismissed for want of prosecution.*" (Emphasis supplied).

\*\* Supreme Court Rule 103(b) at that time read:
"If the plaintiff fails to show reasonable diligence to obtain service the action as a whole or as to any unserved defendant may be dismissed with or without prejudice on the application of any defendant or on the Court's own motion."

No counter-affidavits were filed by plaintiff. After a hearing, defendant's motion to dismiss was allowed and the suit was dismissed with prejudice. Plaintiff contends that:

(1) Plaintiff was arbitrarily deprived of her rights which were conferred upon her by an Act of the Legislature being Chapter 83, Section 24a.*

(2) The order dismissing the initial suit was an exercise of judicial discretion which cannot be reviewed by collateral attack in the subsequent action.

Of academic interest, it is noted that the Supreme Court Rule 103(b) was amended, effective January 1, 1970, and presently reads:

"If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion."

*OPINION*

Plaintiff complains that she was arbitrarily deprived of her rights to maintain her cause of action and cites the following authorities in support of her contention: *Casillas v. Rosengren*, 86 Ill.App.2d 139; *Sachs v. Ohio National Ins. Co.*, 131 F.2d 134; *Patrick v. Burgess Norton Manufacturing Company*, 56 Ill.App.2d 145; *Boyce v. Snow*, 187 Ill. 181; and *Roth v. Northern Assurance Co.*, 32 Ill.2d 40.

In *Casillas, supra*, the plaintiff was a minor. The cause was dismissed pursuant to court rule for want of prosecution because plaintiff failed to attend a court call. Plaintiff filed a petition pursuant to sec. 72 of the Civil Practice Act (Ill. Rev. Stat. (1965) ch. 110, par. 72) to vacate the dismissal. This petition was denied and plaintiff then filed a new suit pursuant to sec. 24a, *supra*. This suit was also dismissed and plaintiff appealed.

This court noted at page 143:

"[I]t is not necessary for the plaintiff to rely on section 24 to commence the new action since, because of her minority, the time in which her suit might be brought has not expired. Ill. Rev. Stat. ch. 83, par. 22."

The court then held at page 145:

"[N]either the dismissal for want of prosecution pursuant to administrative rule nor the hearing on the petition to vacate that dismissal were an adjudication of the merits of the plaintiff's cause

of action. Since that cause is not otherwise barred, it was error to dismiss the second complaint \* \* \*."

In *Roth, supra,* plaintiff filed his suit in the Federal District Court to recover upon five fire insurance policies. The court sustained the motion of the defendants to dismiss on the ground that the claim could not be aggregated to make up the requisite jurisdictional amount. Plaintiff then filed his suit in the Circuit Court, pursuant to section 24a. Our Supreme Court held that the plaintiff was involuntarily nonsuited in the Federal District Court and thus plaintiff could avail himself of section 24a. At page 49 the court observed:

"The purpose underlying section 24 is the same purpose that animates section 46 of the Civil Practice Act, (Ill. Rev. Stat. 1963, ch. 110 par. 46) which relates to the effect of statutes of limitations [sic] upon amended pleadings.

'Statutes of limitation, like other statutes, must be construed in the light of their objectives. The basic policy of such statutes is to afford a defendant a fair opportunity to investigate the circumstances upon which liability against him is predicated while the facts are accessible. That purpose has been fully served here. As observed by Mr. Justice Holmes in *New York Central Railroad v. Kinney,* 260 U.S. 340, 342, 'Of course an argument can be made on the other side, but when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of the opinion that a liberal rule should be applied.' "

In *Patrick, supra,* the court held that in determining whether a new action was filed within the one year extension of time allowed by section 24a, the applicable method of calculation was that dictated by Ill. Rev. Stat. 1961, ch. 31, par. 1.11.

In *Sachs, supra,* the court was concerned with the question of whether the word "non-suit" in section 24a included "dismissal for want of jurisdiction of the amended and supplemental complaint filed in the former suit."

In *Boyce, supra,* the court was concerned with determining whether the nonsuit of the initial litigation was involuntary so as to afford plaintiff the right to commence a new action within one year.

Section 24a seeks to protect a plaintiff, who brings an action in good faith, from a complete loss of relief on the merits of his cause of action because of a procedural defect. *Roth, supra.*

In *Tidwell v. Smith,* 57 Ill.App.2d 271, this court in discussing the applicability of section 24a stated at page 274:

"In construing a statute, courts should look to the object and purpose to be subserved by the statute; the intent should be determined more from consideration of such general objects and purposes than from the technicalities of definition. [Cases cited.]
The spirit of a statute will control over the letter of the enactment when there is a conflict. [Cases cited.]
A situation or thing that is within the letter is not regarded as within the statute unless also within its object, spirit and meaning. [Cases cited.]"

In *Tidwell,* plaintiff was allegedly assaulted on May 31, 1957, and suit was filed May 29, 1959, whereupon service was had upon defendants. The complaint was dismissed and judgment was entered for defendants. Plaintiff appealed from that judgment and it was reversed and remanded in an opinion filed September 2, 1960. On November 5, 1960, plaintiff filed the mandate, but did not move to redocket the case in the trial court.

On August 27, 1962, defendants moved to redocket the case for the purpose of filing a motion to dismiss for want of prosecution. The following day plaintiff moved to redocket the case and at a hearing on November 28, 1962, the dismissal for want of prosecution was granted and judgment entered in the trial court for defendants. Plaintiff also appealed from this judgment and this court affirmed the trial court. On November 5, 1963, plaintiff filed a complaint which was the same as the one filed May 29, 1959, which relied upon section 24a. The trial court dismissed this complaint and plaintiff appealed. This court affirmed the dismissal and said, "We believe that the granting of relief to plaintiff under the circumstances of this case would prostitute the intent and purpose of section 24."

Plaintiff's other issue before this court is whether she diligently filed her second complaint and had service on defendant. Plaintiff contends that the order of March 12, 1969, dismissing the initial complaint was a final order and that the dismissal of the complaint filed pursuant to section 24a was in the nature of an appeal from that initial dismissal.

■■ *Tidwell, supra,* is dispositive of plaintiff's contentions. The trial court and a court of review are not precluded from viewing the history of the litigation to determine if section 24a has been abused and relied upon contrary to its object, spirit and meaning. Also see *Chavez v. Elgin, Joliet and Eastern Ry. Co.,* 78 Ill.App.2d 53.

In *Tidwell, supra,* this court noted at page 274:

"Plaintiff's position is more that of brandishing section 24 as a weapon of aggression to secure for himself another offensive effort against these defendants, after a self-initiated delay, which con-

stituted a virtual abandonment of his cause of action. Such use of section 24 is not within the intent and purpose of the legislature." In the case at bar, as in *Tidwell, supra,* the suit was filed within a few days before the running of the statute of limitations but unlike *Tidwell,* the defendant at bar was not served with process in the initial suit. Three years transpired before the suit was dismissed for want of prosecution at which time plaintiff finally caused process to issue against defendant's real estate agent to determine defendant's identity and location for purposes of making service of summons. It was only after the court on its own motion dismissed the initial suit, did plaintiff then seek to ascertain defendant's identity and residence. Even then, it is noted, that process for this discovery was predicated upon the suit that had been dismissed for want of prosecution.

We therefore, find that it would be contrary to the object, spirit and meaning of section 24a to afford plaintiff relief. We affirm the trial court.

Judgment affirmed.

LEIGHTON, P. J., and McCORMICK, J., concur.