AMPARO T. QUIRINO, Plaintiff-Appellant, *v.* CHICAGO TRIBUNE-NEW YORK NEWS SYNDICATE, INC., Defendant-Appellee.

(No. 57175; )

First District (1st Division)—February 13, 1973.

Sidney S. Altman, of Chicago, for appellant.

Kirkland & Ellis, of Chicago, (Don H. Reuben, Lawrence Gunnels, and James A. Serritella, of counsel,) for appellee.

MODIFIED OPINION UPON REHEARING

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

Amparo T. Quirino (plaintiff) appealed to the Supreme Court of Illinois from an order dismissing "on the merits and with prejudice" her libel action against Chicago Tribune-New York News Syndicate, Inc. (defendant). The appeal has been transferred to this court. A summary of the trial court record is required.

The alleged libel stemmed from an article published by defendant on June 14, 1964. Plaintiff's original suit was filed in the circuit court of

Cook County on June 12, 1965. This was very shortly before expiration of the one year Statute of Limitations. (Ill. Rev. Stat. 1965, ch. 83, par. 14.) On July 28, 1969, the court dismissed the suit at a pretrial conference. The order recited that plaintiff failed to answer the call in person or otherwise appear. The order provided that the cause was dismissed "for want of prosecution under the provision of Supreme Court Rule 219(c)." On August 22, 1969, plaintiff filed a motion to vacate the order of dismissal. This motion was denied on September 19, 1969.

On September 18, 1970, plaintiff filed a new suit predicated upon the alleged libel. Defendant filed a motion to dismiss setting out that plaintiff had failed to exercise diligence in service of summons in the previous case so that the suit should be dismissed as required by Rule 103(b) of the Supreme Court. The court sustained defendant's motion and dismissed the second suit "on the merits and with prejudice."

Supreme Court Rule 273 provides (Ill. Rev. Stat. 1971, ch. 110A, par. 273):

> "Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits."

Plaintiff contends that Rule 273 does not apply to the situation here presented because the Statute of Limitations expressly granted her an additional year within which to file another suit. (Ill. Rev. Stat. 1967, ch. 83, par. 24(a).) Defendant contends that this section 24(a) of the Statute of Limitations is inapplicable upon the authority of *Ray v. Bokorney*, 133 Ill.App.2d 141, 272 N.E.2d 836, decided by this court in May of 1971.

This portion of the statute provides that, where an action has been dismissed for want of prosecution, plaintiff may commence a new action within one year or within the remaining period of limitation, whichever is greater. Plaintiff contends that under the plain language of this statute, since the limitation period had expired when plaintiff's first suit was dismissed for want of prosecution on July 28, 1969, and motion to vacate this order was denied on September 19, 1969, that plaintiff is entitled to an additional year for the filing of the second suit.

At first glance, it would appear from a reading of the bare language of the statute that plaintiff's contention is well founded. Furthermore, as plaintiff urges, this portion of the Statute of Limitations "* * * is a remedial statute which should be liberally construed" (*In re Estate of Breault*, 113 Ill.App.2d 356, 251 N.E.2d 910.) With these thoughts in mind, let us analyze our prior decision in *Ray*. There, plaintiff was in-

jured on defendant's property on February 29, 1964. On February 25, 1966, four days prior to expiration of the Statute of Limitations, she filed suit. Summons was never served. On March 12, 1969 the suit was dismissed for want of prosecution. Twelve days later, on March 24, 1969, plaintiff filed a second suit and promptly obtained service of summons. The trial court dismissed the second suit. The order of dismissal was affirmed by this court. We held "* * * that it would be contrary to the object, spirit and meaning of section 24(a) to afford plaintiff relief." (272 N.E.2d 836, at page 840.) The opinion analyzed the authorities and relied particularly upon *Tidwell v. Smith,* 57 Ill.App.2d 271, 205 N.E.2d 484.

We conclude that *Ray* is directly in point and decisive of the issues in the case at bar. In fact, the only points of differentiation serve to strengthen this conclusion. In *Ray,* plaintiff filed the second suit a mere 12 days after the order dismissing the first. Here, plaintiff waited from July 28, 1969 to September 18, 1970 before filing the second suit. Furthermore, in *Ray,* defendant was a resident of Minnesota. In the case at bar, the defendant is well known as a Chicago newspaper and therefore directly and easily amenable to process.

There is also general authority which requires us to consider not only the language of the statute itself as urged by plaintiff, but also the spirit and intent of the legislative enactment. (See Ill. Rev. Stat. 1971, ch. 131, par. 1.01.) We are required to "* * * consider the spirit of the enactment, and that spirit will control over the letter of the statute, where there is a conflict." *Inskip v. Trustees, Univ. of Ill.,* 26 Ill.2d 501, 510, 187 N.E.2d 201.

The record here reflects complete lack of diligence by plaintiff. Plaintiff waited until the statute had virtually run before filing the first suit. She was not diligent in obtaining service of process upon a readily available defendant. She then waited an inordinately long time before filing her second suit, with full knowledge of the order of dismissal. In any event, the spirit and intent of section 24(a) of the Limitation Statute prevent us from granting relief in the type of situation presented by the case at bar. Both *Ray* and *Tidwell* require that we construe the statute as limited to granting relief only to those litigants who have acted with diligence. We cannot bring plaintiff within this category. Section 24(a) was not intended as a refuge for the negligent but only as an aid for the diligent.

The order of dismissal appealed from is, therefore, affirmed.

Order affirmed.

BURKE, P. J., and EGAN, J., concur.