JOSEPH BROWN, Plaintiff-Appellant, *v.* WILLARD BURDICK, Defendant-Appellee.

(No. 72-264; ▮▮▮▮▮

Second District—February 15, 1974.

William R. Jacobs, of Chicago, and Byron P. Finegan, of Des Plaines, for appellant.

Gilbert & Powers, of Rockford, for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

This is an appeal from an order dismissing plaintiff's second complaint. Plaintiff claims that his second suit was not barred by the statute of limitations, that the dismissal of the initial suit (for want of prosecution) was not grounds for dismissing the second suit, and dismissal of the prior suit during pendency of the second suit removed any grounds for a plea of abatement.

Plaintiff was injured on October 25, 1964, and filed his original action on October 25, 1966, the last day before the running of the statute of limitations (Ill. Rev. Stat. 1971, ch. 83, § 15). In November of 1966, defendant moved to dismiss the complaint; the motion was denied. Over

four years from the date of original filing (March 31, 1971), the complaint was dismissed for want of prosecution.

On April 30, 1971, plaintiff filed a petition to reinstate his cause of action: this was denied on May 6, 1971; on June 4, he filed a petition for reconsideration of the May 6th order: this was denied on December 9, 1971. Plaintiff filed a notice of appeal on January 6, 1972, and, thereafter (on March 27, 1972), while his appeal was pending, he filed a second suit naming the same defendant and alleging the same cause of action.

On April 7, 1972, plaintiff filed a motion in this court for extension of time to file his abstract and brief; the motion was granted and time extended. Shortly thereafter, defendant filed a motion to dismiss the appeal for noncompliance with Supreme Court Rules 303 (d), 322 and 327, and asserted that another suit between the same parties, involving the same matter, was pending in the trial court. This court dismissed the appeal.

Just prior to that dismissal, however, defendant filed a motion in the trial court to dismiss plaintiff's second complaint on the grounds that it was barred by the statute of limitations, that a prior suit, involving the same cause and parties, was still pending on appeal, and that the second complaint failed to state a cause of action. Defendant's motion to dismiss the second suit was granted on May 26, 1972. Plaintiff filed his notice of appeal in the present case on June 22, 1972. (As can be seen, plaintiff has consistently waited until the last moment to file his complaints, motions or notices of appeal.)

■■■ It is contended that the second suit is not barred by the statute of limitations when the original action has been dismissed for want of prosecution because the plaintiff, under section 24 of the Limitation Act (Ill. Rev. Stat. 1971, ch. 83, § 24a), may file a new action within one year or within the remaining period of limitation, the longer period of time controlling. By filing his second suit within one year after the first was dismissed, plaintiff comes within the letter of section 24. However, where there is a conflict between the letter of a statute and its spirit and intent, the spirit and intent is controlling. (*Inskip v. Board of Trustees*, 26 Ill.2d 501, 510 (1962).) In construing statutes, legislative intent must be determined from considerations of the general purpose and effect sought to be accomplished. (*Gray v. American Radiator & Standard Sanitary Corp.*, 22 Ill.2d 432, 436 (1961).) The object and purpose of section 24 is to protect a plaintiff, who brings an action in good faith, from a complete loss of relief due to procedural defects and permit him the opportunity to have a trial on the merits. (*Roth v. Northern Assurance Co. Ltd.*, 32 Ill.2d 40, 42 (1964).) The section was never intended

for the use of a plaintiff whose self-initiated delay amounted to a virtual abandonment of his cause of action. (*Tidwell v. Smith,* 57 Ill.App.2d 271, 274-275 (1965).) It was intended to serve as an aid to the diligent, not a refuge for the negligent. *Quirino v. Chicago Tribune-New York News Syndicate, Inc.,* 10 Ill.App.3d 148, 150 (1973).

Section 24 has never been interpreted as an absolute right. In addition to *Tidwell* and *Quirino, supra,* also see, *Jones v. Reuss,* 70 Ill.App.2d 418 (1966); *Chavez v. Elgin, Joliet and Eastern Ry. Co.,* 78 Ill.App.2d 53 (1966); and *Ray v. Bokorney,* 133 Ill.App.2d 141 (1971).

In *Keilholz v. Chicago & North Western Ry. Co.,* 10 Ill.App.3d 1087, 1091 (1973), the court recognized the exception set forth in *Quirino, Ray* and *Tidwell,* but held that the facts of that particular case did not constitute extreme delay.

In the instant case, plaintiff's initial suit was filed on the last permissible day; he appeared but once thereafter to challenge defendant's motion to dismiss his complaint; being successful, he made no further effort to appear or prosecute his complaint for more than four years and then appeared only as the result of the initial suit being dismissed for want of prosecution. Thereafter, he sought, on two eleventh-hour occasions, to reinstate his complaint and, being unsuccessful, filed a last-minute notice of appeal. It was not until a few days prior to the expiration of the section 24 time period, over seven years after the cause of action arose, that he filed his second suit.

■■ These acts are not those of the diligent plaintiff whom the legislature intended to protect by section 24. Plaintiff's actions have not been compatible to the purpose and intent of the statute and his conduct falls within the exception of extreme and self-initiated delay.

Having reached this conclusion, we find it unnecessary to answer other issues raised.

Judgment affirmed.

GUILD, P. J., and SEIDENFELD, J., concur.