JOHN KUTNICK, Plaintiff-Appellant, *v.* JAMES B. GRANT, Defendant-Appellee.

(No. 60385; ■■■■■■■■■

First District (4th Division)—October 8, 1975.

Lane, Falasz, Pollman & Munday, of Chicago (Thomas L. Trinley, of counsel), for appellant.

· Tom L. Yates, of Chicago (Carl E. Abrahamson, of counsel), for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Plaintiff appeals from an order dismissing with prejudice plaintiff's complaint for damages allegedly arising from an auto collision. He contends that the trial court erred in dismissing plaintiff's complaint which had been refiled under the provisions of section 24 of the Limitations Act. (Ill. Rev. Stat. 1973, ch. 83, par. 24a.) The pertinent history of the case follows:

*November 10, 1965*—the collision occurred in which plaintiff was allegedly injured.

*February 27, 1967*—plaintiff filed his original suit prior to the expiration of the two-year statute of limitations. (Ill. Rev. Stat. 1967, ch. 83, par. 15.)

*June 13, 1972*—the cause was dismissed for want of prosecution by Judge Butler on the trial call.

*June 23, 1972*—Judge Canel heard a pretrial conference.

*June 28, 1972*—a second pretrial conference was held by Judge Canel.

*July 7, 1972*—plaintiff's counsel noticed a motion before Judge Canel to vacate Judge Butler's dismissal. The record shows no disposition of that motion.

*October 12, 1972*—another pretrial conference was held by Judge Canel.

*November 15, 1972*—the case was set for trial on November 21, 1972, then continued to December 13, 1972, and continued for trial for certain on January 15, 1973.

*January 15, 1973*—Judge Canel dismissed the case for want of prosecution.

*July 6, 1973*—plaintiff refiled his suit under section 24 of the Limitations Act.

*February 13, 1974*—Judge Brussell granted defendant's motion for a dismissal and dismissed plaintiff's action with prejudice.

Plaintiff contends that defendant is estopped from asserting June 13, 1972, as the date for computing the refiling period. Defendant moved to dismiss plaintiff's cause of action on the grounds of res judicata. The only reference in the record to June 13, 1972, as the date for computing the refiling period is a dismissal order of November 1, 1973, which order was vacated on January 14, 1974. The February 13, 1974, order makes no reference to June 13, 1972. From the actions of the court and the parties to this lawsuit, this court concludes that the date for computing the refiling period was January 15, 1973. Three pretrial conferences were held, a trial date was set, and two trial date continuances were granted by the court between June 13, 1972, and January 15, 1973. Defendant does not assert that June 13, 1972, is the critical date for computing the refiling period. We find the suit to have been alive until January 15, 1973, the date of the dismissal for want of prosecution. See *Schmidt v. Cenacle Convent* (1967), 86 Ill.App.2d 150, 229 N.E.2d 413; *Brown v. McGraw* (1949), 338 Ill.App. 201, 86 N.E.2d 832.

Plaintiff denies defendant's contention asserting that the plaintiff did

not exercise diligence in the prosecution of his suit and the applicability of Supreme Court Rule 273.

■■ *Roth v. Northern Assurance Co.* (1964), 32 Ill.2d 40, 203 N.E.2d 415, applied section 24 of the Limitations Act (Ill. Rev. Stat. 1963, ch. 83, par. 24a) to a dismissal for want of prosecution in allowing a plaintiff to refile his suit within the one-year refiling period. The spirit and purpose of section 24 was seen in *Tidwell v. Smith* (1965), 57 Ill.App.2d 271, 205 N.E.2d 484, as protecting a plaintiff who brings an action in good faith from complete loss of relief on the merits because of a procedural defect and thus allowing the plaintiff an opportunity to try his case on the merits. *Tidwell* found, as an exception to the applicability of section 24, a plaintiff's self-initiated delay amounting to a virtual abandonment of his cause of action. The statute is not intended to remedy self-initiated delay and to be used as a weapon of aggression against another party. *Ray v. Bokorney* (1971), 133 Ill.App.2d 141, 272 N.E.2d 836.

■■ In the instant case the plaintiff filed his original suit 15 months after his cause of action arose. The court held three pretrial conferences and granted two trial date continuances. This court does not believe plaintiff's action amounts to a self-initiated delay or a virtual abandonment of his cause of action. Defendant had notice from the beginning that the plaintiff had set up and was trying to enforce a claim against him because of the collision of November 10, 1965. To deny the plaintiff the opportunity to refile would be to thwart the legislative intent of section 24, which is to allow the plaintiff to try his case on the merits. We are of the opinion that section 24 of the Limitations Act applies to this case.

Supreme Court Rule 273 (Ill. Rev. Stat. 1973, ch. 110A, par. 273) provides:

> "Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits."

Section 24 of the Limitations Act (Ill. Rev. Stat. 1973, ch. 83, par. 24a) provides in pertinent part:

> "* * * if * * * the action is dismissed for want of prosecution then, whether·or not the time limitation for bringing such action expires during the pendency of such suit, the plaintiff, his heirs, executors or administrators may commence a new action within one year or within the remaining period of limita-

tion, whichever is greater, after * * * the action is dismissed for want of prosecution."

In *Mages Sports Arena, Inc. v. Winston Park Shopping Center, Inc.* (1969), 112 Ill.App.2d 409, 251 N.E.2d 334, the court would not apply Rule 273 retroactively due to a resulting injustice which would have occurred under the facts of the case. *Mages* further referred to section 24 as a statute which "otherwise specifies" within the language of Rule 273. Plaintiff relies on *Keilholz v. North Western Ry. Co.* (1973), 10 Ill.App.3d 1087, 295 N.E.2d 561, to support his contention that section 24 is a statute which "otherwise specifies" within the language of Rule 273. In *Keilholz* a plaintiff sought to apply section 24 to a dismissal for the plaintiff's failure to comply with a court ordered appearance at a pretrial conference. The appellate court extended a dismissal "for want of prosecution" to include this dismissal and found Rule 273 inapplicable. One of the justices dissented stating that such an application would undermine the intent of our supreme court in enacting Supreme Court Rule 219(c) as a power of the trial court to enforce compliance with rules of discovery. The supreme court began its opinion in the same case: "We granted leave to appeal in this case because it appeared to involve the inter-relationship of Rule 273 of this court and section 24 of the Limitations Act." (*Keilholz v. Chicago and North Western Ry. Co.* (1974), 59 Ill.2d 34, 35, 319 N.E.2d 46, 47.) However, the court reversed the decision of the appellate court without considering the application of Rule 273.

■■ The instant case centers on the dismissal for want of prosecution of January 15, 1973. The legislature amended section 24 to include a dismissal "for want of prosecution" five months after Rule 273 became operative. To apply Rule 273 in the instant case would be to thwart the legislative intent of section 24 of the Limitations Act which allows the plaintiff the opportunity to try his case on the merits. We believe Rule 273 mentioned above is not applicable.

For the foregoing reasons, the order of dismissal of the Circuit Court of Cook County is reversed.

Order reversed.

DIERINGER, P. J., and JOHNSON, J., concur.