ELOY J. ARANDA, Plaintiff-Appellant, *v.* THE HOBART MANUFACTUR-
ING CORPORATION, Defendant-Appellee.

First District (1st Division) No. 61475

Opinion filed February 2, 1976.

Lester E. Munson, Sr., and James G. Meyer, both of Chicago, for appellant.

Kirkland & Ellis, of Chicago (James A. Dahl, of counsel), for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Eloy J. Aranda (plaintiff) brought suit against The Hobart Manufacturing Corporation (defendant) and another party. After dismissal for want of prosecution, another suit was filed in his behalf. In due course the trial court dismissed the second suit under Supreme Court Rule 103(b). (Ill. Rev. Stat. 1973, ch. 110A, R. 103(b).) Plaintiff appeals.

Plaintiff contends that the filing of his second action was permitted within the letter of the applicable provision of the limitations statute (Ill. Rev. Stat. 1973, ch. 83, par. 24a) and the filing of this cause of action was not violative of the spirit or intent of the statute. Defendant responds that, to obtain the benefits of the limitations statute, plaintiff was obliged to exercise diligence in prosecution of his cause of action and plaintiff had failed to exercise reasonable diligence in obtaining service of summons.

Ease in comprehension requires that the facts appearing of record be stated in date order as follows:

April 6, 1972—Plaintiff was injured in his employment while operating a machine allegedly manufactured by defendant.

September 13, 1973—Plaintiff filed suit to impose strict tort liability. This case was given circuit court of Cook County No. 72-L-12103. It will be referred to as the earlier case or as the 1972 case. It does not appear from the record whether any summons directed to defendant was then issued or placed for service.

January 29, 1974—The case was called from a no progress calendar and was dismissed for want of prosecution.

May 21, 1974—An alias summons directed to defendant was issued and placed for service.

June 4, 1974—The alias summons was served on defendant.

July 11, 1974—Defendant filed a motion to quash service and a special appearance on the ground that the cause of action had previously been dismissed and not reinstated.

July 12, 1974—Plaintiff filed another suit against defendant upon the same cause of action. This suit was given circuit court of Cook County No. 74-L-11149. It will be referred to as the second suit or the 1974 suit. Summons was duly issued and placed for service.

August 5, 1974—Defendant's motion to quash service of summons was allowed in the first (1972) case.

August 26, 1974—Defendant filed an appearance and motion to dismiss the (1974) case.

August 26, 1974—Defendant filed a motion to dismiss the second (1974) case for lack of diligence in serving summons in the former action until after the statute of limitations had run.

November 15, 1974—The circuit court allowed this motion of defendant to dismiss.

Considering only dismissal of the second (1974) case upon Rule 103(b), the result reached was proper. The summons in the first (1972) case was not served upon defendant until after the statute of limitations had run. This type of delay may well hamper a defendant in any case in gathering and presenting the facts essential to its defense. Also, no reason is shown for the failure to obtain service of summons upon defendant for a period of some 19 months, during which time the statute of limitations on the claim had expired.

■■ As to the legal issue involved, the courts of Illinois have attempted to avoid delay pursuant to the requirements of Supreme Court Rule 103(b). It has been held in a number of cases that, "[t]o be protected by the prescriptions of this rule, defendant need not show that he was prejudiced by the complained of delay in service of process. Rather, it is incumbent upon plaintiff to demonstrate that he obtained prompt service." (*Lee v. Decker*, 17 Ill. App. 3d 93, 95, 307 N.E.2d 773, and cases there cited.) In addition, "a motion to dismiss for lack of reasonable diligence to obtain service under Rule 103(b) is addressed to the 'sound discretion of the trial court. A reviewing court may upset the trial court's ruling on the action where there is an abuse of discretion.' " *Martin v. Lozada*, 23 Ill. App. 3d 8, 11, 318 N.E.2d 334, quoting from *Galvan v. Morales*, 9 Ill. App. 3d 255, 257, 292 N.E.2d 36, and other cases there cited.

■■ However, in cases of this type, we must also consider the problem of attempting to reconcile the statutory rule of limitations (Ill. Rev. Stat. 1973, ch. 83, par. 24a) and the subsequently adopted Rule 103(b) (Ill. Rev. Stat. 1973, ch. 110A, par. 103(b)). In our opinion the spirit

and intent of section 24a of the limitations statute require that where an unreasonable lack of diligence appears to the court, the statute is not available to assist the litigants involved. This principle has, in our opinion, been strongly and repeatedly established as the law of Illinois. We need not analyze the pertinent cases as that has already been done more than once. We will simply list the cases which, in our opinion, are applicable here and thus require affirmance of the order appealed from: *Sandman v. Marshall Field & Co.*, 27 Ill. App. 3d 427, 326 N.E.2d 514; *Brown v. Burdick,* 16 Ill. App. 3d 1071, 307 N.E.2d 409; *Quirino v. Chicago Tribune-New York News Syndicate, Inc.*, 10 Ill. App. 3d 148, 294 N.E.2d 29; *Ray v. Bokorney*, 133 Ill. App. 2d 141, 272 N.E.2d 836, and *Tidwell v. Smith,* 57 Ill. App. 2d 271, 205 N.E.2d 484, *leave to appeal denied,* 32 Ill. 2d 626.

The order appealed from is accordingly affirmed.

Order affirmed.

BURKE and SIMON, JJ., concur.