RONALD FRANZESE, Plaintiff-Appellant, *v.* ALBERT J. TRINKO, Defendant-Appellee.

Second District (1st Division)    No. 75-214

Opinion filed May 14, 1976.

HALLETT, J., dissenting.

A. J. Hardiman, of Chicago, for appellant.

Myron J. Hall, of Hall, Meyer, Fisher, Holmberg, Snook & May, of Waukegan, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Plaintiff appeals from an order dismissing his complaint for personal injuries which he had refiled within 1 year following the dismissal of his previous complaint for want of prosecution. He contends that the trial court erred in ruling that he had failed to comply with section 24 of the Limitations Act (Ill. Rev. Stat. 1973, ch. 83, par. 24a).

On May 1, 1972, plaintiff filed a complaint to recover for personal injuries allegedly suffered in an automobile accident on May 14, 1970. On June 26, 1972, on defendant's motion, the court entered a mutual production order. Plaintiff failed to respond and again on defendant's motion a second order was entered on June 11, 1973, ordering plaintiff to answer interrogatories, to appear for discovery depositions and to produce certain documents. This order was complied with by plaintiff. On November 21, 1973, the case appeared on the special call of the docket pursuant to a local court rule.[1] No one appeared at the call on

---

[1] The 19th Judicial Circuit Rule 4.2 "Automatic Call of Dockets" which provides generally that cases shall be set for trial within nine months after filing and in the event this is not done the clerk shall notify the parties that the case will be called on a day certain "on which day it

behalf of the plaintiff and the case was dismissed on November 21, 1973, on the court's own motion for want of prosecution. Plaintiff filed a substantially identical complaint on October 31, 1974, with the added allegation that it was filed pursuant to section 24 of the Limitations Act. Defendant filed a motion to dismiss on the ground that the second filing was within the exception of "extreme and self-initiated delay" under section 24 of the Limitations Act. The court, on the basis of the court file, the affidavits of both attorneys and the argument of counsel, dismissed the complaint. Plaintiff's motion to vacate the order of dismissal was denied following which plaintiff appealed.

It appears from the proceedings before the trial court that plaintiff claimed that he had called defendant's attorney one day prior to the docket call of November 21 and had advised him that he would be out of the State on a personal family matter. He said that he requested defendant's attorney to advise the judge and ask for a continuance but that counsel refused the request. Defendant's attorney, however, stated that he advised plaintiff's counsel that the trial court under its customary practice would not accept a response from opposing counsel and that plaintiff's counsel must appear or the case would be dismissed for want of prosecution. Plaintiff also claims that he advised the judge's bailiff on the day prior to the docket call that he would be unable to appear.

The plaintiff contends that his actions did not amount to either abandonment of his case or to extreme or self-initiated delay. He argues that the purpose of section 24 of the Limitations Act is to facilitate disposition of litigation on its merits and to avoid depriving one of a good cause of action on procedure and technicalities. He contends that the court misinterpreted the statute to impose the additional requirement of "due diligence" which deprived him of his clear right to refile within 1 year of the previous involuntary dismissal.

■■■ Defendant responds that the court could and did consider the entire history of the litigation and thus could properly conclude that plaintiff's self-initiated delay deprived him of the right to refile within the 1-year period after the dismissal.

Section 24 of the Limitations Act provides:

"In the actions specified in this Act or any other act or contract where the time for commencing an action is limited, if judgment is given for the plaintiff but reversed on appeal; or if there is a verdict for the plaintiff and, upon matter alleged in arrest of judgment, the

will be dismissed on motion of the Court, except for good cause shown. Failure to appear shall constitute acknowledgment of the dismissal." The instruction sheet accompanying the special progress call specifically provided that if no action were taken on or before November 21, 1973, the cases would be dismissed on motion of the court.

judgment is given against the plaintiff; or if the plaintiff is nonsuited, or the action is dismissed for want of prosecution then, whether or not the time limitation for bringing such action expires during the pendency of such suit, the plaintiff, his heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or given against the plaintiff, or after the plaintiff is nonsuited or the action is dismissed for want of prosecution." (Ill. Rev. Stat. 1973, ch. 83, par. 24a.)

The object of the statute is to aid "the diligent suitor" whose opportunity for the hearing on the merits has been frustrated by technical procedures (*Roth v. Northern Assurance Co.*, 32 Ill. 2d 40, 46 (1964)), but it does not confer an absolute right to refile a suit within 1 year after it has been dismissed for want of prosecution. (*Brown v. Burdick*, 16 Ill. App. 3d 1071, 1073-74 (1974); *Sandman v. Marshall Field & Co.*, 27 Ill. App. 3d 427, 431 (1975).) "Section 24(a) was not intended as a refuge for the negligent but only as an aid for the diligent." *Quirino v. Chicago Tribune-New York News Syndicate, Inc.*, 10 Ill. App. 3d 148, 150 (1973). See also *Tidwell v. Smith*, 57 Ill. App. 2d 271, 274 (1965).

■■ We may consider the history of the litigation to determine if section 24 has been relied upon contrary to its object and spirit. (*Ray v. Bokorney*, 133 Ill. App. 2d 141, 145 (1971); *Sandman v. Marshall Field & Co.*, 27 Ill. App. 3d 427, 430 (1975); *Brown v. Burdick*, 16 Ill. App. 3d 1071, 1074 (1974). In applying section 24 the court may consider extreme and self-initiated delay either in the prosecution of the first action or in the filing of the second action after dismissal of the first. *Keilholz v. Chicago & North Western Ry. Co.*, 10 Ill. App. 3d 1087, 1091 (1973), *reversed on other grounds*, 59 Ill. 2d 34 (1974).

■■ In this case the court could thus properly conclude on the whole record of the litigation that plaintiff was not within the objective and spirit of section 24 of the Limitations Act and could not, therefore, claim a right to refile under its terms. He filed his first complaint only 13 days prior to the expiration of the 2-year statute of limitations provided for personal injury actions. He did not respond to a discovery order until a second order was entered on June 11, 1973, approximately 1 year after the first order. He then did nothing until the day prior to the court call on November 21, 1973. Even accepting his own explanation which was contradicted by defendant's counsel, plaintiff's counsel did not offer any reasonable justification for either not appearing at the automatic call of the docket in accordance with local rules or for not having another attorney appear on his behalf. In fact, the common law record shows the general appearance of local counsel. No explanation for the nonappearance of co-counsel at the call of the docket has been offered.

There is no record that plaintiff, at any time, sought to vacate the original order of dismissal or to appeal from it. After the cause was dismissed plaintiff did not refile his case until 11 months and 1 week later, approximately 3 weeks prior to the expiration of the limitations period provided for refiling under section 24. And he offered no reasonable excuse for either the delay in prosecuting his initial action or for the delay in refiling. Under these circumstances we will not interfere with the court's ruling.

*Factor v. Carson, Pirie Scott & Co.*, 393 F.2d 141, 147 (7th Cir. 1968) relied upon by plaintiff is not persuasive under the particular circumstances. In *Factor*, the Seventh Circuit Court of Appeals held that under Illinois law the trial court could not add the requirement that a litigant must make "good faith" allegations in his complaint in order to rely on section 24. Plaintiff apparently seeks to argue that the language of section 24 is precise and complete and the court cannot impose any additional requirements not specified in the exact wording of the statute. However, consistent with the Illinois authorities holding that the provisions of section 24 are for the diligent suitor it cannot be fairly argued that the provisions of this section of the Limitations Act are absolute. *E.g., Brown v. Burdick*, 16 Ill. App. 3d 1071, 1074 (1974); *Sandman v. Marshall Field & Co.*, 27 Ill. App. 3d 427, 431 (1975).

Here, the trial court did not impose an additional burden which was not contemplated either by the letter or the spirit of the statute but instead found that plaintiff was the cause of extreme and self-initiated delay in both the prosecution of his original suit and in refiling the second suit for which there was no satisfactory explanation in the record. We therefore affirm the judgment.

Affirmed.

GUILD, P. J., concurs.

Mr. JUSTICE HALLETT, dissenting:

I fully agree that the plaintiff here was not diligent and that the foregoing opinion certainly follows the many earlier appellate court opinions (some by this court) which hold that this statute is available only to the "diligent suitor" and does not confer an absolute right to refile a suit within 1 year after it has been dismissed for want of prosecution. But the statute (Ill. Rev. Stat. 1973, ch. 83, par. 24a), in pertinent parts, plainly provides that "* * * if * * * the action is dismissed for want of prosecution then, * * * the plaintiff may commence a new action within one year * * * after * * * the action is dismissed for want of prosecution."

Certainly the wording of a statute of limitations is a legislative, not a judicial function, and it is obvious that the legislature here could have but chose not also to require "diligence." The conclusion of the Court of Appeals for the Seventh Circuit, in *Factor v. Carson, Pirie Scott & Co.* (1968), 393 F.2d 141, 147, that this statute is precise and complete and that the court cannot impose additional requirements not specified in the statute, seems perfectly sound.

If the nonlegislative requirement of "diligence" is to be superimposed upon this very simple statute, it should at least be done by our supreme court, not by appellate courts, however, numerous. I therefore most respectfully dissent, not on the ground that the foregoing opinion does not follow earlier appellate court cases (because it does) but in the hope that the supreme court will take this case and pass squarely on this issue.