(No. 48358.—

ELOY J. ARANDA, Appellant, v. THE HOBART MANU—
FACTURING CORPORATION, Appellee.

*Opinion filed March 23, 1977.*

DOOLEY, J., specially concurring.

Lester E. Munson, Sr., of Chicago (James G. Meyer, of Chicago, of counsel), for appellant.

Kirkland & Ellis, of Chicago (Donald J. Duffy, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

Plaintiff, Eloy Aranda, brought suit in the circuit court of Cook County against defendant, Hobart Manufacturing Corporation, alleging that he was injured while operating a machine manufactured by defendant. Before service of summons, the suit, having been placed on the "no progress call," was dismissed for want of prosecution. After the running of the relevant statute of limitations, an identical action was filed pursuant to section 24 of the Limitations Act (Ill. Rev. Stat. 1973, ch. 83, par. 24a), and summons for this second suit was promptly served. The trial court, relying upon Supreme Court Rule 103(b) (58 Ill. 2d R. 103(b)), dismissed the second suit. It did so because it felt that the length of time between the filing of the first suit and the service of summons in the second case showed a lack of diligence by plaintiff in obtaining service. This dismissal was affirmed by the appellate court (35 Ill. App. 3d 902), and we granted plaintiff leave to appeal.

As an aid to understanding the history of this litigation, we include the following chronology of its significant events:

April 6, 1972—Plaintiff was injured.

September 13, 1972—Plaintiff filed suit against defendant. The record does not indicate that any summons

was issued or placed for service at that time. (This date is erroneously given in the appellate court opinion as September 13, 1973.)

January 29, 1974—The suit, having previously been placed on a no progress calendar, was dismissed for want of prosecution.

April 6, 1974—The statute of limitations governing the cause of action expired.

May 21, 1974—Alias summons was issued and placed for service.

June 4, 1974—Alias summons served.

July 11, 1974—Defendant moved to quash service of summons because the cause of action had been dismissed prior to issuance of alias summons and not reinstated.

July 12, 1974—Plaintiff filed a second suit, and promptly had summons issued and placed for service. Service occurred on July 24, 1974. This suit was identical to the first, and alleged it was filed pursuant to section 24 of the Limitations Act (Ill. Rev. Stat. 1973, ch. 83, par. 24a), and that the previous suit had been dismissed for want of prosecution on January 29, 1974.

August 5, 1974—Pursuant to defendant's motion, service of summons in the first (1972) case was quashed.

August 26, 1974—Defendant moved to dismiss the second (1974) case, in accordance with Supreme Court Rule 103(b).

November 15, 1974—The court allowed defendant's motion to dismiss the 1974 case.

From the allegations of defendant's motion and the tenor of the memorandum filed with the trial court in support thereof, it is apparent that the 1974 case was dismissed because the trial judge felt the plaintiff was not diligent in obtaining service since the filing of the 1972 case. As noted above, summons was not issued in the 1972 case until 20 months after the case was filed. Service of this summons was subsequently quashed. Proper service upon defendant did not occur until 22 months after filing

of the 1972 case, when defendant was served with summons in the 1974 case. The dismissal order provided that "this cause be and the same is hereby dismissed, pursuant to the provisions of Supreme Court Rule 103(b)."

Rule 103(b) provides:

"If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion." 58 Ill. 2d R. 103(b).

The controlling element of the rule is the failure to exercise reasonable diligence in obtaining service of summons on defendant. Prior to 1969 a dismissal at any time for lack of diligence in obtaining service could be either with or without prejudice. In 1969 the rule was revised to provide that a dismissal with prejudice could only be entered when the failure to use diligence in obtaining service occurred after the expiration of the applicable statute of limitations. See 58 Ill. 2d R. 103, Committee Comments, Ill. Ann. Stat., ch. 110A, par. 103(b), Committee Comments (Smith-Hurd 1977 Supp.).

The plaintiff's 1972 case was dismissed prior to the expiration of the statute of limitations and therefore under present Rule 103(b) could only be dismissed without prejudice. It should also be noted that the 1972 case was not dismissed for lack of diligence in obtaining service pursuant to the rule. It was dismissed for want of prosecution because it was on the "no progress call" and was apparently dismissed on the court's own motion pursuant to a local rule or administrative practice.

Plaintiff then refiled the case specifically alleging that it was being refiled under the provisions of section 24 of

the Limitations Act (Ill. Rev. Stat. 1973, ch. 83, par. 24a), which provides:

> "In the actions specified in this Act *** where the time for commencing an action is limited, if *** the action is dismissed for want of prosecution then, whether or not the time limitation for bringing such action expires during the pendency of such suit, the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater, after *** the action is dismissed for want of prosecution."

Since the 1972 suit was dismissed for want of prosecution plaintiff clearly had the right to refile, and he did refile within the time specified in section 24. This statute operates under these circumstances as an extension of the applicable statute of limitations, and the plaintiff had an absolute right to refile his complaint at any time within the extended period. *Franzese v. Trinko* (1977), 66 Ill. 2d 136.

Defendant's motion to dismiss plaintiff's second suit was bottomed on plaintiff's overall lack of diligence in obtaining service of summons from September 13, 1972, the date of the filing of the complaint in the first case, until July 24, 1974, the date of service of summons in the second case. Service was obtained within 12 days after the filing of the complaint in the second case, which is certainly not a flagrant display of lack of diligence. If the extended period of time of section 24 is to serve any useful purpose, plaintiff must be accorded a reasonable time after refiling his complaint within which to obtain service. We do not say that the court when passing on a motion such as the defendant has filed in this case may not consider an overall span of time between the filing of the first complaint and the ultimate service of summons in the second case in assessing plaintiff's diligence. In doing so, however, the period of time within which plaintiff must obtain service following the refiling of his suit under section 24 cannot be so abbreviated as to make the right granted by that section meaningless.

We conclude that the trial judge erred in dismissing plaintiff's second suit under Rule 103(b). We therefore reverse the judgments of the appellate and circuit courts, and the cause is remanded to the circuit court of Cook County for further proceedings.

*Reversed and remanded.*

MR. JUSTICE DOOLEY, specially concurring:

What occurred here is representative of judicial over-reaction to our Rule 103(b) (58 Ill. 2d R. 103(b)). The statutory right of the plaintiff to refile within one year from the date of dismissal for want of prosecution (Ill. Rev. Stat. 1973, ch. 83, par. 24a) was nullified through dismissal under this rule before service could be accomplished.

A chronology of the events by Mr. Justice Ryan justifies the comment that courts should appreciate that Rule 103(b) should be employed with judicial restraint. It should not be used as a vehicle to dispose of litigation.

Mr. Justice Ryan notes that in passing on a motion to dismiss under Rule 103(b) the court may consider the overall time between the filing of the first complaint and the ultimate service of summons, but then carefully observes that the right created by section 24 (Ill. Rev. Stat. 1973, ch. 83, par. 24a) cannot be abbreviated. It would seem the span of time between the filing of the first complaint and the service of summons in the second case is wholly immaterial. Even if the first complaint is dismissed for want of prosecution long after the statute of limitations has expired, the General Assembly in the exercise of its constitutional powers has granted plaintiff an absolute right to refile within one year from the date of dismissal (Ill. Rev. Stat. 1973, ch. 83, par. 24a).

On a motion to dismiss the second suit under Rule 103(b), judicial attention must be limited to matters occurring subsequent to the filing of the second suit. This would seem apparent from the fact that the second action

is filed by virtue of an extension of time in the Limitations Act (Ill. Rev. Stat. 1973, ch. 83, par. 24a). It is important that this section of the statute be viewed in the light of a statute of limitations.

Section 24, being a limitation law, is remedial. It should be liberally construed. Its purpose is well described in *Roth v. Northern Assurance Co.* (1964), 32 Ill. 2d 40, where plaintiff filed an action on fire insurance policies in the Federal district court. It was dismissed for want of prosecution and refiled in the circuit court under section 24. The policies contained a limitation requiring an action against the company to be commenced within 12 months from the date of the loss. The Federal court action was commenced within that period, but the State court action was not. In holding that the suit could be maintained, this court quoted with approval from *Sachs v. Ohio Nat. Life Ins. Co.* (7th Cir. 1942), 131 F.2d 134:

> "The act is remedial, reflecting a legislative intent to protect the party who brings the action in good faith from complete loss of relief on the merits merely because of procedural defect. Such remedial statutes should be liberally construed, so as to prevent destruction of the purpose of the legislation. [Citations.] In both common law non-suit and dismissal for want of jurisdiction the order is due to some defect in the procedure or proof which prevents a trial on the merits. The obvious purpose of the statute was to give a plaintiff an opportunity to try the merits ***."
> 131 F.2d 134, 137.

*Roth v. Northern Assurance Co.* (1964), 32 Ill. 2d 40, incorporated the language of *Geneva Construction Co. v. Martin Transfer & Storage Co.* (1954), 4 Ill. 2d 273:

> "Statutes of limitation, like other statutes, must be construed in the light of their objectives. The basic policy of such statutes is to afford a defendant a fair opportunity to investigate the

circumstances upon which liability against him is predicated while the facts are accessible. That purpose has been fully served here. As observed by Mr. Justice Holmes in *New York Central Railroad v. Kinney,* 260 U.S. 340, 342, 'Of course an argument can be made on the other side, but when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be applied.' " 4 Ill. 2d 273, 289-90.

*Factor v. Carson, Pirie Scott & Co.* (7th Cir. 1968), 393 F.2d 141, involved an interpretation of this statute on a refiling where the district court, in dismissing the second action, concluded that plaintiff had not shown good faith in claiming diversity of citizenship in the first action. The district court dismissed the complaint. In reversing, it was noted that the language of the statute was precise and complete—facts which required the rejection of any additional requirements a court might judicially impose. See *In re Estate of Breault* (1969), 113 Ill. App. 2d 356, 361, and the dissent in *Franzese v. Trinko* (1976), 38 Ill. App. 3d 152, 156, which are consistent with *Roth* and *Factor.*

There is, however, a series of Illinois cases which treats a motion to dismiss the second suit under Rule 103(b) by evaluating and measuring all that occurred between the time of the filing of the first suit and service of summons in the second action refiled under section 24. *Tidwell v. Smith* (1965), 57 Ill. App. 2d 271, is the progenitor of such judicial requirements as "self-initiated delay" and "extreme, self-initiated delay" as the test on such a motion. Such language in varying terms has been employed in *Franzese v. Trinko* (1976), 38 Ill. App. 3d 152, 155, *Kutnick v. Grant* (1975), 33 Ill. App. 3d 37, 39, *Sandman v. Marshall Field & Co.* (1975), 27 Ill. App. 3d 427, 431,

*Brown v. Burdick* (1974), 16 Ill. App. 3d 1071, 1074, *Ray v. Bokorney* (1971), 133 Ill. App. 2d 141, 145, and *Quirino v. Chicago Tribune-New York News Syndicate, Inc.* (1973), 10 Ill. App. 3d 148, 150. Some view section 24 as an aid to the diligent suitor only. *Sandman v. Marshall Field & Co., Brown v. Burdick,* and *Quirino v. Chicago Tribune-New York News Syndicate, Inc.*

Obviously, a limitations statute does not involve diligence. *Pyle v. Ferrell* (1958), 12 Ill. 2d 547, 552; *Matchett v. Rose* (1976), 36 Ill. App. 3d 638, 651.

A motion under Rule 103(b) directed to the second suit must be limited to that action only. Otherwise we would be violating the action of the General Assembly (Ill. Rev. Stat. 1973, ch. 83, par. 24a). These appellate court cases which would engraft judicial conditions upon this complete statute are, in my opinion, overruled by today's decision. Typical are: *Franzese v. Trinko* (1976), 38 Ill. App. 3d 152; *Tidwell v. Smith* (1965), 57 Ill. App. 2d 271; *Kutnick v. Grant* (1975), 33 Ill. App. 3d 37; *Sandman v. Marshall Field & Co.* (1975), 27 Ill. App. 3d 427; *Brown v. Burdick* (1974), 16 Ill. App. 3d 1071; *Ray v. Bokorney* (1971), 133 Ill. App. 2d 141; and *Quirino v. Chicago Tribune-New York News Syndicate, Inc.* (1973), 10 Ill. App. 3d 148.