LaBARGE, INC., Plaintiff-Appellant, *v.* CORN BELT BANK, Trustee, *et al.*, Defendants-Appellees.

Fourth District    No. 17126

Opinion filed November 13, 1981.

Robert W. Scott, of Swain, Johnson & Gard, of Peoria, for appellant.

Alan L. Sternberg, of Pratt, Larkin, Sternberg & Finegan, P. C., of Bloomington, for appellees.

Mr. JUSTICE LONDRIGAN delivered the opinion of the court:

Plaintiff appeals the trial court's order dismissing its lawsuit against defendants on the basis that the statute of limitations had expired prior to the filing of the lawsuit.

On June 14, 1979, plaintiff filed a complaint for foreclosure of a mechanic's lien alleging that plaintiff, a subcontractor, entered into an oral contract with Bill V. Martin Construction Co. to furnish materials used in the construction of a subdivision in McLean County. Plaintiff alleged that it had completed its contract on September 10, 1977.

Though the complaint was filed within the applicable two-year statute of limitations contained in the mechanics' liens act (Ill. Rev. Stat. 1979, ch. 82, pars. 7, 9), defendant Corn Belt Bank, trustee under the provisions of a trust agreement to secure payment of mortgages on the lots in the subdivision, was never served with a copy of the suit.

The applicable statute of limitations expired September 10, 1979. On September 29, 1980, defendant Corn Belt Bank filed a motion to dismiss the case pursuant to Supreme Court Rule 103(b) (Ill. Rev. Stat. 1979, ch. 110A, par. 103(b)). Prior to a hearing on that motion, plaintiff moved for voluntary dismissal without prejudice pursuant to section 52 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 52). The motion was heard and allowed by the trial court without objection by defendant on December 3, 1980.

On January 23, 1981, plaintiff commenced the present action under the authority of the limitations statute (Ill. Rev. Stat. 1979, ch. 83, par. 24a).

On January 29, 1981, Corn Belt Bank was served with process and filed a motion to dismiss on February 5, 1981, claiming that the statute of limitations had run prior to service.

After a hearing on the motion, the court dismissed plaintiff's case on the basis that plaintiff had not been diligent in serving summons upon defendant in the original action. The trial court reasoned that since the action would have been dismissed with prejudice under Supreme Court Rule 103(b) had defendant's motion been heard before plaintiff's motion for voluntary dismissal under section 52 of the Civil Practice Act, the second suit could not be maintained in light of the plaintiff's dilatory tactics.

Plaintiff has appealed the trial court's order, which contains the

requisite Supreme Court Rule 304(a) finding (Ill. Rev. Stat. 1979, ch. 110A, par. 304(a)).

Plaintiff argues that it is entitled to refile its lawsuit and maintain this subsequent action despite the running of the statute of limitations under the authority of section 24 of the limitations statute (Ill. Rev. Stat. 1979, ch. 83, par. 24a). Section 24 states in relevant part:

> "In the actions specified in this Act or any other act or contract where the time for commencing an action is limited, if * * * the action is voluntarily dismissed by the plaintiff, * * * whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff * * * may commence a new action within one year or within the remaining period of limitation, whichever is greater * * * after the action is voluntarily dismissed by the plaintiff * * *."

In this case, it is clear that plaintiff's subsequent lawsuit was filed within one year after plaintiff took a voluntary dismissal of its complaint in the prior suit. Nevertheless, defendant argues that the trial court's dismissal of the subsequent lawsuit was proper because the previous voluntary dismissal was taken in response to a motion by defendant to dismiss the cause with prejudice under Supreme Court Rule 103(b). Supreme Court Rule 103(b) provides:

> "If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion." Ill. Rev. Stat. 1979, ch. 100A, par. 103(b).

Defendant claims, and plaintiff does not dispute the fact, that had a hearing been held on defendant's motion, plaintiff's first cause of action would have been subject to dismissal with prejudice which would have barred the subsequent lawsuit. (*Hanna v. Kelly* (1980), 91 Ill. App. 3d 896, 414 N.E.2d 1262.) The thrust of defendant's argument is that it may avoid the subsequent lawsuit by asserting a lack of diligence on the part of plaintiff in the first lawsuit even though plaintiff comes within the letter of section 24 of the limitations statute.

While there appears to be an older series of Illinois cases which treat a motion to dismiss under Supreme Court Rule 103(b) by evaluating and measuring all that occurred between the time of filing of the first suit and service of summons in the second suit refiled under section 24 (see *Franzese v. Trinko* (1976), 38 Ill. App. 3d 152, 347 N.E.2d 844; *Brown v. Burdick* (1974), 16 Ill. App. 3d 1071, 307 N.E.2d 409; *Ray v. Bokorney*

(1971), 133 Ill. App. 2d 141, 272 N.E.2d 836), these decisions appear to have been overruled by subsequent supreme court holdings in *Franzese v. Trinko* (1977), 66 Ill. 2d 136, 361 N.E.2d 585, and *Aranda v. Hobart Manufacturing Corp.* (1977), 66 Ill. 2d 616, 363 N.E.2d 796. In *Franzese* and *Aranda*, the supreme court endorsed the theory that section 24 of the limitations statute extends an absolute right to a plaintiff to file a complaint at any time within one year after the voluntary dismissal of its prior lawsuit irrespective of the fact that plaintiff may not be a "diligent suitor." In that regard, the supreme court stated in *Franzese*:

"'Courts have no legislative powers, and their sole function is to determine and, within the constitutional limits of the legislative power, give effect to the intention of the lawmaking body. We will not and cannot inject provisions not found in a statute, however desirable or beneficial they may be.' (*Droste v. Kerner*, 34 Ill. 2d 495, 504.) We find no basis for engrafting upon section 24 an intent on the part of the General Assembly to exclude from its ambit all but the 'diligent suitor.'" 66 Ill. 2d 136, 140, 361 N.E.2d 585, 587.

While it is obvious that plaintiff, in this case, comes within the letter though not the spirit of section 24, we conclude that he is nevertheless entitled to refile his cause of action within one year following a voluntary dismissal irrespective of his failure to exercise reasonable diligence to obtain service on defendant prior to the expiration of the applicable statute of limitations.

While we agree with defendant that it is obvious that the motion for voluntary dismissal was filed to avoid dismissal with prejudice, that fact alone is not dispositive. Section 52 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 52), relating to voluntary dismissal, states in part:

"The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or his attorney, and upon payment of costs, dismiss his action or any part thereof as to any defendant, without prejudice, by order filed in the cause. Thereafter he may dismiss, only on terms fixed by the court (a) upon filing a stipulation to that effect signed by the defendant, or (b) on motion specifying the ground for dismissal, which shall be supported by affidavit or other proof."

The relevant question then becomes whether plaintiff's motion for voluntary nonsuit after a motion to dismiss under Supreme Court Rule 103(b) is "before trial or hearing."

Though no Illinois cases on point have been called to our attention, we conclude upon examination of analogous case law that Supreme Court Rule 103(b) motions do not involve a trial or a hearing within the meaning of section 52 of the Civil Practice Act.

In *North Park Bus Service, Inc. v. Pastor* (1976), 39 Ill. App. 3d 406,

349 N.E.2d 664, the court held that a hearing or trial did not begin at the time a section 45 motion concerning defects in pleadings was heard. (Ill. Rev. Stat. 1979, ch. 110, par. 45.) In *Hale v. Ault* (1980), 83 Ill. App. 3d 78, 403 N.E.2d 635, the court held that rulings on motions for summary judgment do not come within the purview of section 52 of the Civil Practice Act and did not interfere with plaintiff's absolute right to dismiss the cause of action.

■■ The only type of pretrial motion that apparently will be considered to have occurred after a trial or hearing begins are motions made under section 48 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 48). (*Bernick v. Chicago Title & Trust Co.* (1945), 325 Ill. App. 495, 60 N.E.2d 442.) Section 48 motions involve involuntary dismissal based upon certain defects or defenses including lack of jurisdiction, lack of legal capacity, *res judicata*, running of the statute of limitations, and others. None of the enumerated bases upon which motions can be made under section 48 would encompass a lack of diligence in service of process covered by Supreme Court Rule 103(b) motions. We therefore hold that motions filed under the authority of Supreme Court Rule 103(b) do not constitute "a trial or a hearing" within the meaning of section 52 of the Civil Practice Act.

■■ Defendant attempts to distinguish this case from *Franzese* and *Aranda* on the basis that those cases were premised upon dismissals for want of prosecution and not for failure to secure service on the respective defendants. That distinction, however, does not appear to be material since it is theoretically possible that a case may be dismissed for want of prosecution, in part, because service has never been accomplished upon a defendant. We conclude that the only condition precedent which plaintiff must demonstrate in order to rely upon section 24 is that the original action was filed within the applicable statute of limitations.

■■ Finally, though we appreciate the trial court's concern over plaintiff's tactics, we conclude that the trial court was in error insofar as it raised the specter that plaintiff could use section 24 to endlessly refile new cases against the defendant. As plaintiff correctly points out, *Smith v. Chicago Transit Authority* (1978), 67 Ill. App. 3d 385, 385 N.E.2d 62, precludes that possibility. In *Smith*, the court determined that section 24 only permits one additional filing after the first suit has been dismissed.

For the foregoing reasons, the judgment of the McLean County circuit court is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

WEBBER and MILLS, JJ., concur.