James F. PITMAN, Plaintiff
and Appellant,

v.

David BONHAM, dba Spectra Sound
Recording Studio, Defendant and
Respondent.

No. 18548.

Supreme Court of Utah.

Feb. 2, 1984.

Brad L. Swaner, Salt Lake City, for plaintiff and appellant.

Bryce E. Roe, Salt Lake City, for defendant and respondent.

PER CURIAM.

Plaintiff appeals from the denial of his motion brought pursuant to Rule 60(b), Utah R.Civ.P., to set aside a judgment dismissing his complaint for lack of prosecution.

Plaintiff filed his complaint April 4, 1980. Defendant filed an answer, and on June 3, 1980, took plaintiff's deposition. Nothing further was done in this case for nine months. On March 3, 1981, defendant served on plaintiff's counsel, a set of interrogatories and a request for production of documents, and filed with the court a request for trial setting. Under date of March 18, 1981, plaintiff's counsel withdrew from the case and sent a copy of his withdrawal to plaintiff together with the interrogatories, request for production of documents and request for trial setting served on him by defendant, and advised his client that he should contact new counsel without delay in view of the request for trial setting. These papers were sent by mail to plaintiff's address, 229 East 2700 South, Salt Lake City, Utah 84115. On March 30, 1981, defendant sent to plaintiff at the same address, a notice to appoint new counsel or appear in person. Again nothing further was done in this case until

on February 4, 1982, the district court sent notice to both counsel of a pretrial settlement conference set for February 23, 1982. This notice recites that trial was set for the date of March 2, 1982, and has a handwritten notation at the bottom: "Mailed a copy of Notice to Deft.—2–18–82." Plaintiff admits receiving this notice, but not until March 1, 1982 at 5:00 p.m. It had been forwarded by the post office to plaintiff's new address, 1024 West 3300 South, in Salt Lake City.

On the day of the trial, March 2, 1982, plaintiff did not appear. Defendant appeared and moved to dismiss the complaint for lack of prosecution, which motion was granted with prejudice.

Plaintiff contacted new counsel, who filed a motion to set aside the judgment of dismissal pursuant to Rule 60(b), Utah R.Civ.P., on April 1, 1982. For the purposes of his motion, plaintiff filed a memorandum of points and authorities, and an affidavit by which he averred that he had had no contact with his former counsel since June 3, 1980, the date of his deposition, except for telephone conversations which he *may* have had with a secretary at his former counsel's office and with the *possible exception* of bills received from him. His affidavit also states that he had not received notice of trial because the notice had been forwarded to his new address and he had been out of town from February 23, 1982, until the evening of March 1, 1982. In his affidavit plaintiff further states that he did not receive the papers sent to him by his former counsel on March 18, 1981, nor the notice to appoint new counsel sent to him by defendant's counsel on March 30, 1981, but he does not venture any explanation as to why he would not have received them.

Defendant controverted plaintiff's affidavit by filing an affidavit of defendant's counsel stating that the notice to appoint counsel was not returned to him by the postal service, and also an affidavit of plaintiff's former counsel that the mailings sent by him also had not been returned, that he had not received any communica-

tion from defendant since those mailings, nor had he received messages of telephone calls from plaintiff which indicated that plaintiff had attempted to reach him.

Plaintiff relies to a great extent on *Interstate Excavating v. Agla Development*, Utah, 611 P.2d 369 (1980), which he describes as factually nearly identical to the present action. However, in *Agla*, the trial date was set barely three weeks after the withdrawal of counsel for the defaulting party, and the defaulting party offered a reason for overlooking the receipt of notices of withdrawal, the setting of the trial date and the notice from opposing counsel to appoint new counsel or appear pro se. Here, by his own admission, plaintiff made no contact with his attorney for two years after he had filed the complaint, except for telephone conversations which he *may* have had with his former counsel's secretary.

■ It is largely within the discretion of the trial court to set aside a judgment which has been entered on a party's default, under Rule 60(b), Utah R.Civ.P. While this Court has held that this discretion should be liberally exercised in favor of a defaulting party, we do not reverse the trial court's determination unless it has clearly abused that discretion. *Pitts v. Pine Meadow Ranch, Inc.*, Utah, 589 P.2d 767 (1978); *J.P.W. Enterprises, Inc. v. Naef*, Utah, 604 P.2d 486 (1979); *Heath v. Mower*, Utah, 597 P.2d 855 (1979). Here the trial court was not persuaded that plaintiff presented a reasonable excuse for failing to prosecute the case during the two year period he knew the action was pending, and neither are we.

We cannot say, therefore, that the trial court abused its discretion in refusing to overturn the judgment entered for failure to prosecute plaintiff's own action under Rule 41(b), Utah R.Civ.P. After plaintiff filed the complaint, he took no further action, including keeping in reasonable contact with his own attorney.

The judgment accordingly is affirmed.