JOHN E. SYLVESTER, Plaintiff-Appellant, v. ROBERT STEINBERG, Defendant-Appellee.

Fourth District   No. 4—86—0586

Opinion filed February 26, 1987.

W. Loren Thomson and Rex L. Reu, both of Thomson, Weintraub & Thompson, of Bloomington, for appellant.

James C. Wollrab and J. Mark McKinzie, both of Costigan & Wollrab, P.C., of Bloomington, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff appeals the trial court's order dismissing the second refiling of plaintiff's personal injury action. Plaintiff argues that section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—217) allows for successive refilings of a cause of action within a year of successive voluntary dismissals (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009). We disagree and affirm.

Plaintiff was injured in 1977 in an automobile accident. He filed his first cause of action in 1979. On February 22, 1984, plaintiff moved for a voluntary dismissal without prejudice. The trial court dismissed without prejudice, and plaintiff refiled the action on the same day. On April 4, 1986, plaintiff filed his second motion for a voluntary dismissal, which was also granted. Plaintiff then filed a new action on May 12, 1986.

Defendant filed a motion to dismiss the May 12, 1986, action with prejudice. The trial court granted the motion.

Section 2—1009 of the Code of Civil Procedure provides that any time before a trial or hearing begins, plaintiff, after adequate notice and upon payment of costs, may voluntarily dismiss his action. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009.) The right to a voluntary dismissal without prejudice is absolute. (*Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 472 N.E.2d 787.) Section 13—217 of the Code of Civil Procedure provides that if:

> "the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater ***." Ill. Rev. Stat. 1985, ch. 110, par. 13—217.

Thus, plaintiff may commence a new cause of action within one year of a voluntary dismissal regardless of the expiration of the limi-

tations period. The statutes do not contain express limitations on the number of voluntary dismissals and refilings available to a plaintiff. However, the courts have addressed this issue. In *LaBarge, Inc. v. Corn Belt Bank* (1981), 101 Ill. App. 3d 741, 428 N.E.2d 711, the court noted in *dicta* that the section does not permit endless refilings of an action after a voluntary dismissal once the limitations period has expired. Only one additional filing after the first suit is dismissed is permitted.

A similar result was reached in *Phillips v. Elrod* (1985), 135 Ill. App. 3d 70, 478 N.E.2d 1078. In *Phillips*, plaintiff's decedent died as a result of injuries sustained while he was imprisoned. In July 1978, his mother filed a wrongful death action in State court. It was voluntarily dismissed in 1980. Subsequently, in 1980, she filed in Federal court, alleging her action was timely because it was filed within one year of her voluntary dismissal. The Federal action was voluntarily dismissed in 1981. Phillips filed her second State action in 1981. Subsequently, the court dismissed the second State action for lack of prosecution but vacated that order and dismissed it as untimely and unauthorized by the statute. The appellate court held that section 24 of the Limitations Act (Ill. Rev. Stat. 1981, ch. 83, par. 24(a) (now Ill. Rev. Stat. 1985, ch. 110, par. 13—217)) does not authorize successive refilings after expiration of the limitations period of the same action, but permits only a single refiling within a year of dismissal.

The courts in these cases adopted the reasoning presented in *Smith v. Chicago Transit Authority* (1978), 67 Ill. App. 3d 385, 385 N.E.2d 62. In *Smith*, plaintiff's original action and first refiling were dismissed for want of prosecution. Smith's second refiling was dismissed with prejudice as untimely. The *Smith* court noted that section 24a of the Limitations Act (now section 13—217, Code of Civil Procedure) is a savings clause to prevent the application of the statute of limitations. It acts to prevent injustice, not to allow a harassing renewal of litigation. The statute permits the filing of "a new cause of action," not endless cycles of actions. See *Harrison v. Woyahn* (7th Cir. 1958), 261 F.2d 412, 413.

The plaintiff argues that the previous actions were voluntary dismissals without prejudice. The argument is without merit. The previous dismissals were pursuant to section 13—217.

We find the reasoning in *Smith* sound and adopt it. Plaintiff is entitled to only one refiling of a cause of action pursuant to the savings provision of section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—217) after taking a voluntary dismissal of his original cause of action.

For the above reasons, we affirm the trial court.

Affirmed.

SPITZ, P.J., and LUND, J., concur.