ANDREW TUCH, Plaintiff-Appellee, v. KEVIN McMILLEN *et al.*, Defendants-Appellants.

Second District    No. 2—87—0468

Opinion filed March 31, 1988.

Clayton P. Voegtle, of Snyder, Clarke, Dalziel & Johnson, of Waukegan, for appellants.

Donald T. Morrison and Joseph T. Morrison, both of Donald T. Morrison & Associates, P.C., of Waukegan, and David V. Najarian, of Najarian & Najarian, of Wilmette, for appellee.

JUSTICE HOPF delivered the opinion of the court:

On September 20, 1982, plaintiff, Andrew Tuch, brought an action against defendants, Kevin McMillen and Ronald McMillen, for personal injuries resulting from a water skiing accident which occurred on September 20, 1980. Plaintiff voluntarily dismissed this action on April 10, 1984. On this same date plaintiff refiled the action pursuant to section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—217), which permits a plaintiff to commence a new action within one year after a dismissal.

On December 4, 1985, plaintiff's second suit was dismissed on the

court's own motion for want of prosecution. Following a denial of plaintiff's motion to vacate the default for lack of prosecution, plaintiff filed an appeal in this court, seeking to appeal only the denial of this post-trial motion. Defendants filed a motion to dismiss the appeal, arguing that an order denying a post-trial motion is not a final and appealable order and that the appeal must be taken from the underlying order. On June 17, 1986, this court entered an order allowing defendants' motion to dismiss the appeal.

Plaintiff filed his lawsuit a third time on November 26, 1986. In response, defendants filed a motion to dismiss plaintiff's cause of action, arguing that pursuant to section 13—202 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—202) plaintiff's action for personal injury must be brought within two years of the time the action commences. Since plaintiff's cause of action accrued on September 20, 1980, plaintiff was barred by the statute of limitations from bringing his action. Additionally, defendants argued that because plaintiff had already exercised his right, on April 10, 1984, to reinstate his case, pursuant to section 13—217 (Ill. Rev. Stat. 1983, ch. 110, par. 13—217), plaintiff could not now use that right again. It was defendants' position that the right to use section 13—217 for refiling a cause of action was limited to a single use.

■ On April 16, 1987, the trial court denied defendants' motion to dismiss, finding that plaintiff's case was not time barred since plaintiff refiled his action within one year of the dismissal for want of prosecution. Defendants filed a motion to reconsider or to certify for appeal the issue of whether section 13—217 (Ill. Rev. Stat. 1983, ch. 110, par. 13—217) may be used more than a single time. The court denied the motion to reconsider but, pursuant to Supreme Court Rule 308(a) (107 Ill. 2d R. 308(a)), certified the foregoing issue for interlocutory appeal. We allowed the appeal.

Section 13—217 provides:

"In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administra-

tors may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or entered against the plaintiff, or after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction." (Ill. Rev. Stat. 1983, ch. 110, par. 13—217.) This section provides a plaintiff with the absolute right to refile his complaint within one year or within the remaining period of limitations, whichever is greater, for the reasons specified therein. (*Gendek v. Jehangir* (1987), 151 Ill. App. 3d 1028, 1031, 503 N.E.2d 1161.) The section acts as a limited extension to prevent injustice; it should not, however, be permitted to become a harassing renewal of litigation. *Smith v. Chicago Transit Authority* (1978), 67 Ill. App. 3d 385, 388, 385 N.E.2d 62.

In the instant case plaintiff refiled his second complaint on the same date, April 10, 1984, that he moved to have his first complaint voluntarily dismissed. Although at the time of refiling the statute of limitations had lapsed, plaintiff had the right to refile his complaint pursuant to section 13—217. Nearly 20 months after the date of this refiling the trial court dismissed plaintiff's case for want of prosecution. After an unsuccessful appeal, plaintiff again refiled his case within one year of the dismissal for want of prosecution, and the trial court permitted that refiling. It is this second refiling which is at issue here.

The question of whether a plaintiff who takes a voluntary dismissal of his original action is entitled to more than one refiling pursuant to the savings provision of section 13—217 of the Code (Ill. Rev. Stat. 1983, ch. 110, par. 13—217) has very recently been addressed by our supreme court in *Gendek v. Jehangir* (1988), 119 Ill. 2d 338, a case arising out of this district and consolidated on appeal with the Fourth District case of *Sylvester v. Steinberg* (1988), 119 Ill. 2d 338.

In *Gendek*, plaintiff Bernard Gendek filed a complaint for medical malpractice against defendant Jehangir M. Jehangir, M.D., in Federal court in Indiana on December 13, 1983, eight days prior to the expiration of the statute of limitations. Gendek moved for a voluntary dismissal of that action on February 22, 1984, and that motion was granted. On March 9, 1984, Gendek refiled the same action in Federal court in Illinois pursuant to section 13—217. (Ill. Rev. Stat. 1983, ch. 110, par. 13—217.) Subsequently, Gendek was given leave to voluntarily dismiss that complaint without prejudice for lack of subject matter jurisdiction.

Within one year of the second dismissal Gendek refiled his action in State court. On motion of defendant, the circuit court dismissed the action with prejudice. We affirmed the circuit court's judgment, finding that section 13—217 did not authorize successive refilings of the same action. *Gendek*, 151 Ill. App. 3d at 1032-33.

In the second of these consolidated causes (*Sylvester v. Steinberg* (1987), 152 Ill. App. 3d 962, 505 N.E.2d 28), the plaintiff, John E. Sylvester, brought a personal injury action in 1979 against defendant, Robert Steinberg, arising out of a 1977 automobile accident. On February 22, 1984, Sylvester moved for a voluntary dismissal without prejudice. The trial court granted the motion, and Sylvester refiled the action on the same day. On April 4, 1986, Sylvester filed his second motion for a voluntary dismissal. This motion was also granted.

On May 12, 1986, Sylvester filed a new action. Defendant filed a motion to dismiss with prejudice, and that motion was granted. The Appellate Court for the Fourth District affirmed the trial court's judgment, finding that a plaintiff is entitled to only one refiling of a cause of action pursuant to the savings provision of section 13—217 after taking a voluntary dismissal of his original cause of action. *Sylvester*, 152 Ill. App. 3d at 964, 505 N.E.2d at 29.

Relying on the same cases, specifically, *Phillips v. Elrod* (1985), 135 Ill. App. 3d 70, 478 N.E.2d 1078, and *Smith v. Chicago Transit Authority* (1978), 67 Ill. App. 3d 385, 385 N.E.2d 62, utilized by the appellate court for this district and the Fourth District in reaching their findings, our supreme court affirmed the judgments of the appellate court in both *Gendek* and *Sylvester*. The court concluded that section 13—217 "was not intended to permit multiple refilings following voluntary dismissals of an action for which the original statute of limitations has lapsed. A contrary interpretation would foster abuse of the judicial system by allowing a nondiligent plaintiff to circumvent (through repeated filings and dismissals of substantially identical actions) the otherwise applicable statute of limitations." (*Gendek*, 119 Ill. 2d at 343.) Accordingly, the supreme court held that after a voluntary dismissal of their original causes of action, plaintiffs were entitled to only one refiling pursuant to the savings provision of section 13—217. *Gendek*, 119 Ill. 2d at 343-44.

In the instant cause, plaintiff argues that a second refiling is prohibited only if it can be shown that he was not diligent in bringing his action. However, the recent decision of the supreme court in *Gendek* and prior decisions of the Illinois Appellate Court are not based on the "good faith" or diligence of a plaintiff in refiling his lawsuits. Rather, these decisions are based on the interpretation of the lan-

guage in section 13—217 which has been consistently held not to authorize successive refilings of the same action. *Gendek,* 119 Ill. 2d at 343; see also *Fanaro v. First National Bank* (1987), 160 Ill. App. 3d 1030, 1035, 513 N.E.2d 1041; *Phillips,* 135 Ill. App. 3d at 73; *LaBarge, Inc. v. Corn Belt Bank* (1981), 101 Ill. App. 3d 741, 745, 428 N.E.2d 711; *Smith,* 67 Ill. App. 3d at 387.

▮ ▮ Consequently, we are of the opinion that, in denying defendants' motion to dismiss plaintiff's second refiling of his cause of action, it was error for the trial court to even consider plaintiff's diligence. Moreover, the factor of diligence had already been considered and found lacking by the judge who dismissed plaintiff's action for want of prosecution. Despite this finding, the latter judge, in denying defendants' motion to dismiss plaintiff's amended complaint, reviewed the prior judge's finding and determined that plaintiff's action should not have been previously dismissed for want of prosecution. This determination was clearly improper, as a final order of one trial judge is not subject to later review by another trial judge. *People v. Quintana* (1967), 36 Ill. 2d 369, 371, 223 N.E.2d 161; see also *W. R. Grace & Co. v. Beker Industries, Inc.* (1984), 128 Ill. App. 3d 215, 222, 470 N.E.2d 577.

▮ Although it has been held that dismissal for want of prosecution does not constitute a final order, this holding is based on the fact that a plaintiff has an absolute right, pursuant to section 13—217, to refile his action against the same party or parties and to reallege the same causes of action. (*Wold v. Bull Valley Management Co.* (1983), 96 Ill. 2d 110, 112, 449 N.E.2d 112; *Flores v. Dugan* (1982), 91 Ill. 2d 108, 112, 435 N.E.2d 480.) If, however, a plaintiff has already exercised his one-time right to a section 13—217 refiling which then has been subsequently dismissed for want of prosecution, that subsequent dismissal constitutes a final and appealable order. (*Fanaro,* 160 Ill. App. 3d at 1035.) Here, in the instant action, where, prior to the dismissal of plaintiff's action for want of prosecution, plaintiff had already exercised his 13—217 right to refile, the trial court's subsequent order for dismissal for want of prosecution was final. As a result, it was totally improper for the second trial judge to review that finding and to determine that due to plaintiff's diligence he was entitled to refile his action within one year of the dismissal for want of prosecution.

▮ We conclude that a plaintiff's right to refile his cause of action pursuant to section 13—217 does not stem from his due diligence in bringing the action but, rather, from the language of the savings provision of section 13—217 which limits that right to only one

refiling. Consequently, the trial court erred in denying defendants' motion to dismiss plaintiff's second refiling of his cause of action.

As defendants have neither relied on a statute of limitations defense in arguing this appeal nor have we considered that defense in reaching our decision, we need not discuss the plaintiff's contentions regarding waiver or estoppel as they apply to that defense.

Based on the above reasoning, we reverse the judgment of the circuit court of Lake County denying defendants' motion to dismiss plaintiff's amended complaint and remand the case for further proceedings in accordance with this disposition.

Reversed and remanded.

LINDBERG, P.J., and UNVERZAGT, J., concur.