**MEADOW FRESH FARMS, INC.,**
**Plaintiff and Appellant,**

v.

**UTAH STATE UNIVERSITY DEPART-MENT OF AGRICULTURE AND AP-PLIED SCIENCE; State of Utah Department of Health, Division of Family Health Services; Utah State Department of Agriculture; Von T. Mendenhall; Archie Hurst; Claudia Clark; Nancy G. Robinette; Barbara Prater; and John/Jane Does 1 through 20, Defendants and Appellees.**

**No. 900410–CA.**

Court of Appeals of Utah.

June 18, 1991.

Marcus G. Theodore (argued), Salt Lake City, for plaintiff and appellant.

R. Paul Van Dam, State Atty. Gen., Dan R. Larsen (argued), Asst. Atty. Gen., Paul S. Felt, Mark O. Morris (argued), Ray, Quinney & Nebeker, Salt Lake City, for defendants and appellees.

Before BILLINGS, ORME and RUSSON, JJ.

BILLINGS, Associate Presiding Judge:

Meadow Fresh Farms, Inc. (plaintiff) appeals the denial of its motion to set aside an order of dismissal without prejudice entered against it pursuant to Utah Code of Judicial Administration Rule 4–103 for failure to prosecute its claims. We affirm.

In April 1983, plaintiff filed an action against Utah State University Department of Agriculture and Applied Science, State of Utah Department of Health, Utah State Department of Agriculture and other individuals (defendants) for breach of contract, defamation and interference with business relations. Plaintiff claimed defendants improperly and negligently tested its imitation milk product to evaluate its nutritional value and disseminated inaccurate information as a result of these tests in 1981.

In September 1985, Judge Daniels dismissed plaintiff's initial complaint for failure to prosecute after plaintiff failed to appear in response to an order to show cause. Plaintiff filed a motion to set aside the dismissal which was denied. The supreme court summarily affirmed the dismissal, but allowed plaintiff one year to refile its action under Utah Code Ann. § 78–12–40 (1987).

In January 1988, with the assistance of new counsel, namely the firm of Harris, Preston, Chambers & Willmore, plaintiff filed a second complaint alleging the same causes of action against the same defendants. On December 14, 1988, B.H. Harris withdrew from the firm and as plaintiff's counsel due to a judicial appointment. He filed notice of his withdrawal with the court. On December 22, 1988, Harris's former law firm, now Preston & Chambers, responded to outstanding interrogatories on plaintiff's behalf and filed notice with the court that the answers had been served. Subsequently, on January 12, 1989, Preston & Chambers executed a stipulation on plaintiff's behalf and filed it with the trial court.

On December 5, 1989, the trial judge in the instant case issued an order to show cause why the case should not be dismissed for plaintiff's failure to prosecute. The order recited that failure to appear would be considered an acquiescence in entry of a dismissal order. Copies of this order to show cause were mailed to plaintiff's counsel, Preston & Chambers. In December 1989, apparently in advance of the hearing, plaintiff's president was made aware of the order to show cause hearing.

The order to show cause hearing was held December 21, 1989, but neither plaintiff nor its counsel appeared. On January 9, 1990, Preston & Chambers filed a withdrawal of counsel. The trial court entered an order of dismissal without prejudice on January 18, 1990.

Upon learning of the dismissal, plaintiff retained new counsel and filed a motion under Utah Rule of Civil Procedure 60(b) to set aside the dismissal explaining that there had been confusion as to whether plaintiff's previous counsel had withdrawn. The trial judge denied this motion. It is from this order denying plaintiff's motion to set aside the dismissal of his second lawsuit that plaintiff appeals.

## DISMISSAL FOR FAILURE TO PROSECUTE

■ Plaintiff sought relief from the trial court's dismissal of his case for failure to prosecute under Utah Rule of Civil Procedure 60(b). A trial court's refusal to set aside a dismissal for failure to prosecute will not be overturned absent an abuse of discretion. *See Pitman v. Bonham,* 677 P.2d 1126, 1127 (Utah 1984); *Westinghouse Elec. Supply Co. v. Paul W. Larsen Contractor, Inc.,* 544 P.2d 876, 877–78 (Utah 1975).

Rule 60(b) provides in pertinent part: "On motion and upon such terms as are just, the court may in the furtherance of justice relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect...."

The Utah Supreme Court has described the "excusable neglect" necessary for a successful motion under Rule 60(b) as "the exercise of 'due diligence' by a reasonably prudent person under similar circumstances." *Mini Spas, Inc. v. Industrial Comm'n,* 733 P.2d 130, 132 (Utah 1987). This court has affirmed the denial of a motion to set aside a sua sponte dismissal for failure to prosecute, stating that " '[t]he burden is upon the plaintiff to prosecute a case in due course without unusual or unreasonable delay.' Plaintiffs are required 'to prosecute their claims with due diligence, or accept the penalty of dismissal.' " *Charlie Brown Constr., Inc. v. Leisure Sports, Inc.,* 740 P.2d 1368, 1370 (Utah App.), *cert. denied,* 765 P.2d 1277 (Utah 1987) (citations omitted).

■ The Utah Supreme Court has indicated that a party's failure to communicate with its counsel does not satisfy the "excusable neglect" standard required to set aside a judgment under Utah Rule of Civil Procedure 60(b).[1] In sum, a plaintiff in attacking a dismissal for failure to prosecute must offer a reasonable excuse for its lack of diligence.

■ Although plaintiff appeals from the denial of its Rule 60(b) motion, the parties also refer us to several cases involving direct appeals of dismissals for failure to prosecute under Rule 41(b).[2] Even though these cases are not procedurally identical to the instant appeal, they are helpful in refining the "due diligence" or "excusable neglect" standard in cases involving dismissals for failure to prosecute.[3]

---

1. *See Pitman,* 677 P.2d at 1127 (affirming denial of Rule 60(b) motion to set aside Rule 41(b) dismissal for failure to prosecute where plaintiff's excuse was that he did not have notice of the trial setting for various reasons including absence of communication between himself and former counsel); *Gardiner & Gardiner Builders v. Swapp,* 656 P.2d 429, 430 (Utah 1982) (affirming denial of 60(b) motion to set aside default judgment concluding defendant was inexcusably negligent in failing to communicate with his attorney for one and a half years after filing answer and counterclaim); *Airkem Intermountain, Inc. v. Parker,* 30 Utah 2d 65, 513 P.2d 429, 431 (1973) (denial of 60(b) motion to set aside default judgment upheld where defendant was inexcusably negligent in failing to contact his attorney for seven months when defendant was generally unavailable for his attorney to reach him and knew roughly when trial would be scheduled).

2. Utah Rule of Civil Procedure 41(b) provides in pertinent part: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim of action against him.... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule ... operates as an adjudication upon the merits."

3. Plaintiff agrees that Rule 41(b) cases provide guidance in fleshing out whether its failure to prosecute the case was excusable neglect. However, plaintiff contends that because the trial court dismissed plaintiff's case on the court's own motion, we must apply a standard even more liberal than that employed under Rule 41(b). Rule 4–103 of the Utah Code of Judicial Administration provides: "(1) If a default judgment has not been entered by the plaintiff within 60 days of the availability of default and absent a showing of good cause, the court shall dismiss the case without prejudice for lack of prosecution. (2) If a certificate of readiness for trial has not been served and filed within 180 days of the filing date and absent a showing of good cause, the court shall dismiss the case without prejudice for lack of prosecution."

We do not agree that the standard must differ where the court dismissed the case on its own motion pursuant to Rule 4–103. Utah appellate courts have recognized the well-established

In *Westinghouse,* the Utah Supreme Court reviewed a Rule 41(b) dismissal for failure to prosecute.[4] The court noted that a trial court has discretion to dismiss a case in the event that a party fails to prosecute "without justifiable excuse." *Id.* at 879. In *Westinghouse,* the court cautioned that while expeditious handling of calendars is commendable, it is "even more important to keep in mind that the very reason for the existence of courts is to afford disputants an opportunity to be heard and to do justice between them." *Id.*

The *Westinghouse* court delineated five factors in addition to the length of time elapsed to determine the propriety of a dismissal for failure to prosecute: (1) the conduct of both parties; (2) the opportunity each party has had to move the case forward; (3) what each party has done to move the case forward; (4) the amount of difficulty or prejudice that may have been caused to the other side; and (5) "most important, whether injustice may result from the dismissal." *Id.* Subsequently, the *Westinghouse* factors have been applied by both this court and the Utah Supreme Court in cases involving appeals from Rule 41(b) dismissals.[5]

Cases discussing whether the trial court abused its discretion in dismissing an action for failure to prosecute are fact sensitive, but usually seek to balance the need to expedite litigation and efficiently utilize judicial resources with the need to allow parties to have their day in court.[6]

power of a trial court to, on its own motion, dismiss an action for lack of prosecution. *See, e.g., Wilson v. Lambert,* 613 P.2d 765, 768 (Utah 1980); *Maxfield v. Rushton,* 779 P.2d 237, 239 (Utah App.), *cert. denied,* 789 P.2d 33 (Utah 1989) ("[i]t is well established that the trial court may, on its own motion, dismiss an action for want of prosecution under Rule 41(b)") (citing *Brasher Motor & Fin. Co. v. Brown,* 23 Utah 2d 247, 461 P.2d 464, 464–65 (1969)); *Charlie Brown Constr. Co. v. Leisure Sports, Inc.,* 740 P.2d 1368, 1370 (Utah App.), *cert. denied,* 765 P.2d 1277 (Utah 1987). Rule 4–103 merely codifies what both this court and the Utah Supreme Court have held was an inherent power of the trial court to dismiss a case sua sponte for lack of prosecution under Rule 41(b). Thus, we conclude the standard is effectively the same regardless of whether a trial court dismisses an action for failure to prosecute pursuant to Rule 41(b) or Rule 4–103.

**4.** The precise procedural posture in *Westinghouse* is not stated in the opinion. The *Westinghouse* appeal focused on the propriety of dismissal for failure to prosecute. The facts however, indicate that the appeal took place after the plaintiff's motion to vacate the dismissal was denied. Although Rule 60(b) was never specified, it seems highly likely that it was involved.

**5.** *See, e.g., Utah Oil Co. v. Harris,* 565 P.2d 1135 (Utah 1977) (trial court abused discretion in dismissing action under Rule 41(b) where lack of prosecutorial diligence was "reasonably excusable" in light of circumstances including settlement efforts, defendants' unrealized opportunities to initiate progress, lack of prejudice to defendants, and serious injustice as consequence of dismissal); *Maxfield v. Rushton,* 779 P.2d 237 (Utah App.), *cert. denied,* 789 P.2d 33 (Utah 1989) (dismissal upheld where plaintiff's dilatory conduct was greater than defendant's, defendant would be prejudiced if dismissal was overturned, and plaintiff was not prejudiced by dismissal).

**6.** *See, e.g., Pitman v. Bonham,* 677 P.2d 1126, 1127 (Utah 1984) (dismissal upheld where plaintiff presented no reasonable excuse for failing to prosecute case during two years after filing complaint and failed to keep in "reasonable contact" with attorney); *Wilson v. Lambert,* 613 P.2d 765, 768 (Utah 1980) (dismissal upheld where plaintiffs' predecessor in interest personally delayed progress for seven years before his death and plaintiffs delayed 16 months further before initiating discovery, plaintiffs were on notice their claim was in jeopardy by a previous order to show cause, and plaintiffs' predecessor's failure to be represented by an attorney capable of practicing law for four of the seven years was immaterial where the predecessor did not investigate the situation within a reasonable time); *Utah Oil Co. v. Harris,* 565 P.2d 1135, 1137 (Utah 1977) (trial court abused discretion as 16 month lack of diligence was "reasonably excusable" where parties were involved in settlement efforts, defendants could have taken affirmative steps to proceed here not prejudiced by reversal of the dismissal, and plaintiffs may suffer serious injustice as a result of a dismissal); *Maxfield v. Fishler,* 538 P.2d 1323, 1324 (Utah 1975) (dismissal upheld in medical malpractice case where on day of trial two years after filing complaint plaintiff had no medical expert and was not ready to proceed); *Maxfield v. Rushton,* 779 P.2d 237, 240 (Utah App.), *cert. denied,* 789 P.2d 33 (Utah 1989) (dismissal upheld where plaintiff's dilatory conduct outweighed defendant's, defendant would be prejudiced if dismissal was overturned because over the nine years since the incident, witnesses were either unavailable or had forgotten the circumstances, and plaintiff had assigned his interest, thus he would not be prejudiced by not having his "day in court").

▇▇ In light of the aforementioned authority, we are persuaded the trial court did not abuse its discretion in refusing to set aside the dismissal. Plaintiff has not established excusable neglect for its failure to prosecute sufficient to demonstrate that it was an abuse of discretion for the trial court to deny plaintiff's motion to set aside the judgment.

We note the underlying events relating to this action occurred nearly a decade ago, in 1981. Although the initial action was filed in 1983, that action was dismissed for lack of prosecution and the instant action based on the same facts was not filed until 1988. Thus, this is the second time a judge has dismissed the subject of the instant case for failure to prosecute. Defendants in this case are prejudiced by the passage of time. After ten years, it is reasonable to assume the facts are stale. Many of the potential witnesses may have moved out of state and/or their recollection of the circumstances and events may have dimmed.

The only excuse plaintiff advances, and only in general terms at that, is that a lack of communication with counsel resulted in confusion as to counsel's continued representation of plaintiff which resulted in counsel's nonappearance at the order to show cause hearing. However, it is undisputed counsel received notice of the hearing and did not withdraw until several weeks after the hearing. No *explanation* is offered which would excuse counsel's neglect in failing to attend the hearing. A general claim of confusion is not enough, and whatever may have been the state of communication between counsel and client, the court's communication with counsel was direct—appear and explain the delay or your client's action will be dismissed. This excuse, moreover, does not explain plaintiff's general dilatory behavior. Plaintiff made no effort to contact his counsel

from January 1989 to December 1989. Plaintiff *was* represented by the remaining members of Harris's former law firm after Harris personally withdrew to become a judge, and thus notice of the order to show cause was properly sent to the law firm. The other firm members filed at least two documents after Harris withdrew, and the firm itself did not officially withdraw until after the order to show cause hearing.[7]

We cannot see how injustice would result from dismissal of this case as, having experienced a prior dismissal of its action, plaintiff should have been well aware of the consequences of failure to diligently prosecute. We therefore affirm the trial court's denial of the motion to set aside the judgment.

## REFILING UNDER UTAH CODE ANN. § 78–12–40

▇▇ Alternatively, plaintiff argues that if we refuse to set aside the judgment, we should order that plaintiff be permitted to refile its lawsuit pursuant to Utah Code Ann. § 78–12–40 (1987). This statute provides that "[i]f any action is commenced within due time and a judgment thereon for the plaintiff is reversed, or if the plaintiff fails in such action or upon a cause of action otherwise than upon the merits, and the time limited either by law or contract for commencing the same shall have expired, the plaintiff, or if he dies and the cause of action survives, his representatives, may commence a new action within one year after the reversal or failure." *Id.*

Section 78–12–40 grants authorization to refile within a year. No court authorization for filing is required. Furthermore, to issue an order on appeal allowing plaintiff to refile would be rendering an advisory

---

**7.** Plaintiff's claim that the order of dismissal must be vacated because he did not have personal notice of the hearing is without merit. Utah Rule of Civil Procedure 5(b)(1) provides "that whenever service upon a party is required or permitted and such party is represented by an attorney, the service shall be upon the attorney unless otherwise ordered by the court." *Blake v. Blake,* 17 Utah 2d 369, 412 P.2d 454, 456

(1966) (service of notice of trial was properly made on the attorney who appeared of record in the case, as "appearance is presumptive evidence that the attorney is authorized to represent the person for whom he appears in the action"). The firm of Preston & Chambers represented plaintiff at the time of the order to show cause notice and hearing.

opinion.[8] In the instant case, the permissibility of refiling a case more than once is not ripe for adjudication unless and until plaintiff refiles its suit, the trial court subsequently dismisses it, and plaintiff appeals that dismissal.[9] Accordingly, at this time, it would not be proper for this court to render a definitive opinion on the permissibility of refiling an action under Utah Code Ann. § 78–12–40 more than once.[10]

In sum, we conclude the trial court did not abuse its discretion in denying plaintiff's motion to set aside the dismissal without prejudice for failure to prosecute. Accordingly, we affirm the denial and allow the judgment to stand. We decline to render an opinion on the propriety of refiling an action more than once pursuant to Utah Code Ann. § 78–12–40.

ORME and RUSSON, JJ., concur.

---

**8.** The Utah Supreme Court has repeatedly refused to render advisory opinions. *See, e.g., Olson v. Salt Lake City School Dist.,* 724 P.2d 960, 962 n. 1 (Utah 1986) (Utah courts have some discretion to confer standing on proper parties as not constrained by federal case or controversy requirement, but authority is not unlimited and appellate "court will not issue advisory opinions"); *Justheim v. Division of State Lands,* 659 P.2d 1075, 1077 (Utah 1983) (where question is not ripe for adjudication court's function is not to render advisory opinions); *see also Merhish v. H.A. Folsom & Assoc.,* 646 P.2d 731, 732 (Utah 1982) ("strong judicial policy against issuing advisory opinions dictates that courts refrain from adjudicating moot questions"). This court has also recognized the "longstanding judicial policy in Utah to avoid advisory opinions." *Reynolds v. Reynolds,* 788 P.2d 1044, 1045 (Utah App.1990) (appellate courts do not give opinions on theoretical or moot matters, but only decide actual controversies).

**9.** Plaintiff refiled its action a third time in May 1990. This action was subsequently dismissed without prejudice pursuant to defendant's motion "by reason of the appeal now pending of Civil No. C88–00171, the predecessor to this

instant action." We express no opinion on the propriety of that disposition. The trial court probably speculated that if we were to reverse the 60(b) dismissal then two identical cases would be before different judges in the third district. Thus, plaintiff will be required to file his case a fourth time in order to receive a ruling on the merits of the applicability of section 78–12–40.

**10.** Although we refrain from addressing the merits of whether Utah Code Ann. § 78–12–40 permits unlimited successive dismissals and refilings, we note that many of the courts that have been faced with a similar question have concluded that in the interest of finality and judicial economy, a plaintiff is only allowed one refiling pursuant to a savings statute. *See, e.g., Hunter v. Ward,* 15 F.2d 843, 844 (8th Cir.1926); *Marangio v. Shop Rite Supermarkets, Inc.,* 11 Conn.App. 156, 525 A.2d 1389, 1391 (1987), *cert. denied,* 204 Conn. 809, 528 A.2d 1155 (1987); *Sylvester v. Steinberg,* 152 Ill.App.3d 962, 105 Ill.Dec. 902, 903, 505 N.E.2d 28, 29 (1987); *United States Fire Ins. Co. v. Swyden,* 175 Okla. 475, 53 P.2d 284, 288 (1935). This conclusion is consistent with the language of the Utah saving statute as the statute speaks in terms of a singular rather than multiple dismissals: *"a* new action," *"the* reversal or failure".