**2016 UT App 40**

# THE UTAH COURT OF APPEALS

ROGER BRYNER,
Appellant,
*v.*
CUSTODIAN OF RECORDS,
Appellee.

Per Curiam Decision
No. 20150685-CA
Filed March 3, 2016

Third District Court, Salt Lake Department
The Honorable Vernice S. Trease
No. 140906706

Roger Bryner, Appellant Pro Se

Todd J. Godfrey and Bradley W. Christopherson,
Attorneys for Appellee

Before JUDGES J. FREDERIC VOROS JR., STEPHEN L. ROTH, and
MICHELE M. CHRISTIANSEN.

PER CURIAM:

¶1    Roger Bryner appeals the dismissal of his civil case against the custodian of records for the Holladay Justice Court. We affirm.

¶2    Bryner was a defendant in a traffic case in the Holladay Justice Court. He filed a request under the Government Records Access and Management Act (GRAMA), seeking documents from his own case as well as sentencing documents in cases involving other persons who had been charged with the same offenses. He pursued appeals from the denial of his GRAMA request. Ultimately, the Management Committee of the Utah Judicial Council issued an order that granted Bryner's appeal in part and denied it in part.

¶3     In September 2014, Bryner filed the civil complaint in this case, claiming that the Holladay Justice Court did not comply with the Management Committee's order. On April 13, 2015, the district court held a motion hearing at which Bryner was allowed to appear by telephone. The district court stated that Bryner must appear in court in person for future proceedings. The district court set a trial date for June 8, 2015. The court reset the motion hearing for April 27, 2015, and also ordered the parties to be present on that date to engage in face-to-face discussions in an effort to resolve the case. Bryner requested that this discussion take place by telephone, which the court denied. Bryner did not appear on April 27, 2015, and the court denied his pending motion for summary judgment.

¶4     On April 30, 2015, Bryner filed a "motion to designate defendant" in which he sought to amend his complaint to name the court clerk of the Holladay Justice Court as a defendant. On May 5, 2015, Bryner filed a motion to issue a subpoena to the court clerk or "declare it unnecessary." In separate May 28, 2015 orders, the district court denied the motion to amend the complaint to add a new defendant and granted the motion to issue a subpoena directed to the court clerk, stating that Bryner was responsible for service of the subpoena. On the same day, the district court issued a subpoena.

¶5     On June 4, 2015, Bryner moved to reschedule the June 8 trial, stating that he was "unable to afford to serve process," and the district court "refused to waive fees for service of process." He also stated that he could not afford to travel to Salt Lake City for trial on his civil complaint and that he could not personally appear in the district court because he was subject to arrest on an outstanding warrant from the Holladay Justice Court. Bryner failed to appear for trial. Opposing counsel appeared, along with the court clerk of the Holladay Justice Court. The district court dismissed the case as a consequence of Bryner's failure to appear. Noting opposing counsel's objection to a continuance, the district court stated,

> This court makes a record that the subpoena was issued regarding the witness he was concerned he would not be able to subpoena. That witness is present and Mr. Bryner would have been able to hear her testimony on this date. The Court makes a record of Mr. Bryner's concern for an outstanding warrant out of Holladay Justice Court. The Court rules that is not a basis for him not to appear in Court. The Court denies Mr. Bryner's motion to continue this trial and moves forward. Based on Mr. Bryner's failure to appear and failure to put on evidence, with [the court clerk] present, the Court dismisses this case with prejudice. Additionally the court renders the pending motions [moot]. The Court denies Mr. Bryner's motion for a telephone conference.

¶6     "In reviewing a trial court's decision to dismiss for failure to prosecute, we accord the trial court broad discretion and do not disturb its decision absent an abuse of discretion and a likelihood that an injustice has occurred." *Hartford Leasing Corp. v. State*, 888 P.2d 694, 697 (Utah Ct. App. 1994). "In determining whether the court abused its discretion, we 'balance the need to expedite litigation and efficiently utilize judicial resources with the need to allow parties to have their day in court.'" *Id.* (citing *Meadow Fresh Farms, Inc. v. Utah State Univ.*, 813 P.2d 1216, 1219 (Utah Ct. App. 1991)). In analyzing whether a trial court has abused its discretion in dismissing a case for failure to prosecute, we consider (1) the conduct of both parties, (2) the opportunity each party has to move the case forward, (3) what each party has done to move the case forward, (4) the amount of difficulty or prejudice that may have been caused to the other side, and (5) whether injustice may result from the dismissal. *Cheek v. Clay Bulloch Constr., Inc.*, 2011 UT App 418, ¶ 7, 269 P.3d 964. In performing this review, we consider that "the plaintiff, as the party initiating the lawsuit, has the primary responsibility to move the case forward" and that the defendant has no general

responsibility to move plaintiff's case forward. *See Hartford Leasing*, 888 P.2d at 698 n.2.

¶7     Because Bryner did not appear at the trial to present evidence in support of his claims that the Holladay Justice Court violated the Management Committee's order, those claims are not preserved for appeal.[1] The only issue before this court is whether the district court abused its discretion in denying his belated requests to continue the trial and hold a further telephone scheduling conference and in dismissing his civil case for failure to appear at trial. Bryner had ample notice of the trial date in his civil case. The court denied his motion to join the court clerk as a defendant. The court granted Bryner's alternative motion to issue a subpoena to compel the clerk's appearance at trial, clarifying that Bryner was responsible for service. Four days before the scheduled trial, Bryner moved to continue the trial and hold a scheduling conference because he claimed he could not afford to serve the subpoena, could not afford transportation to court, and was subject to arrest on an outstanding warrant if he appeared in court. None of these circumstances excused Bryner from his primary responsibility to move his civil case forward. Contrary to his argument, rule 4-502 of the Utah Rules of Judicial Administration, which pertained to discovery disputes, did not require the district court to hold a further conference in this case.

¶8     Bryner argues that he was misled by the district court and the opposing party because he was not informed that the Holladay Justice Court clerk would be available at trial. At his request, the district court issued a subpoena to compel the

---

1. Bryner attempts to raise a jurisdictional issue by alleging that the district court lacked authority to review the Management Committee's order. Because Bryner filed the underlying case seeking *to enforce* the Management Committee's order, which necessarily involved review of its requirements, this assertion lacks merit.

attendance of a witness. Although he failed to serve the subpoena, the witness was present at trial. As the plaintiff in this civil case, Bryner had the primary responsibility to move the case forward. It was not the responsibility of the district court or the opposing party to prosecute Bryner's case or assure that it moved forward. Bryner was aware of the trial date. Bryner did not appear in person in court for any hearing in the civil case that he initiated, even when he was specifically required by the district court to do so. By failing to appear, he clearly risked the possibility that the case would be dismissed. Furthermore, the issuance of an arrest warrant was the result of Bryner's own conduct in another case and was not, as he now claims, a part of an alleged conspiracy involving court personnel to deny his access to the court. We conclude the district court did not abuse its discretion in denying a continuance or the request for a scheduling conference and in dismissing the case.

¶9     We affirm the district court's dismissal of the underlying case with prejudice.

———————