2023 UT App 7

# THE UTAH COURT OF APPEALS

PLANTATIONS AT HAYWOOD 1 LLC, PLANTATIONS AT HAYWOOD 2
LLC, PLANTATIONS AT HAYWOOD 13 LLC, AND PLANTATIONS AT
HAYWOOD 23 LLC,
Appellants,
*v.*
COTTONWOOD RESIDENTIAL OP LP, COTTONWOOD CAPITAL
PROPERTY MA, COTTONWOOD CAPITAL MANAGEMENT, AND
DANIEL SHAEFER,
Appellees.

Opinion
No. 20210498-CA
Filed January 20, 2023

Third District Court, Salt Lake Department
The Honorable Todd M. Shaughnessy
No. 200903397

Eric V. Anderton, Andrew G. Deiss, and Sean N.
Egan, Attorneys for Appellants

Matthew L. Lalli, Sarah Anne Hafen, and
Henry H. Oh, Attorneys for Appellees

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion,
in which JUDGES DAVID N. MORTENSEN and RYAN D. TENNEY
concurred.

CHRISTIANSEN FORSTER, Judge:

¶1 Plantations at Haywood 1 LLC, Plantations at Haywood 2
LLC, Plantations at Haywood 13 LLC, and Plantations at
Haywood 23 LLC (collectively, Plaintiffs) filed a lawsuit in
California against several entities, including Cottonwood
Residential OP LP, Cottonwood Capital Property MA,
Cottonwood Capital Management, and Daniel Shaefer
(collectively, the Cottonwood Defendants), alleging causes of

action arising from a refinancing transaction related to property located in South Carolina. When the Cottonwood Defendants were dismissed from the California case, Plaintiffs refiled their claims against them in Utah. That case was eventually dismissed, without prejudice, for failure to prosecute. When Plaintiffs again refiled their claims, the Cottonwood Defendants filed motions to dismiss on grounds of failure to state a claim and failure to prosecute. The district court granted both motions. We are asked to determine whether the district court committed reversible error in dismissing Plaintiffs' claims. Because we determine that the district court did not exceed its discretion in granting the Cottonwood Defendants' motion to dismiss for failure to prosecute, we affirm.

## BACKGROUND

¶2    In 2008, Plaintiffs, along with several other entities, acquired tenant-in-common interests in a South Carolina apartment complex (the Property). In 2011, to facilitate a refinance of their purchase money loan, the various tenants in common "rolled up" their interests in the Property by exchanging them for membership interests in a new entity called Plantations at Haywood M, LLC (Plantations). They also entered into an operating agreement (the Operating Agreement) to govern Plantations. In 2012, the Cottonwood Defendants acquired contract rights to manage the Property.

¶3    In 2016, Plaintiffs sued numerous defendants in California, alleging that the defendants had conspired to fraudulently induce the tenants in common to roll up their interests into Plantations. The Cottonwood Defendants were named in that suit, and the causes of action pleaded against them included breach of the Operating Agreement, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, constructive fraud, fraud and deceit, negligent misrepresentation, and negligence. A few months after the suit was filed, the California Superior Court

dismissed the Cottonwood Defendants from the suit for lack of personal jurisdiction.

¶4 Approximately a year later, Plaintiffs refiled their complaint against the Cottonwood Defendants in Utah. The Cottonwood Defendants filed a motion to dismiss, which District Judge Su Chon granted in part and denied in part, leaving only Plaintiffs' claims for breach of the Operating Agreement and breach of the covenant of good faith and fair dealing.

¶5 Plaintiffs then filed a motion to stay the Utah action pending the outcome of the litigation against the other defendants in California. This motion was never submitted for decision, and a Notice of Events Due Dates setting the fact discovery deadline for January 15, 2019, was entered. The Cottonwood Defendants attempted to move forward with discovery but allegedly struggled to obtain responses from Plaintiffs.

¶6 In November 2018, some of the defendants in the California action (the Debtor Defendants) filed for bankruptcy in Florida. Once that occurred, Plaintiffs filed a notice of stay in the Utah case, asserting that the bankruptcy proceedings automatically stayed the Utah litigation. In December, the Cottonwood Defendants moved to strike the notice on the ground that they were not debtors in the bankruptcy.

¶7 Neither party took further action in the case, and in August 2019, Judge Chon issued a Notice of Intent to Dismiss stating that "due to inactivity," the matter "may be dismissed for lack of prosecution pursuant to Rule 4-103, Code of Judicial Administration[,] [u]nless a written statement is received by the court within 20 days of this notice showing good cause why this should not be dismissed." Plaintiffs did not respond to the Notice, allegedly because their local Utah counsel did not forward it to their California counsel. In October 2019, Judge Chon dismissed the remaining claims without prejudice for failure to prosecute.

¶8    Plaintiffs did not file a motion to set aside Judge Chon's dismissal, attempt to amend their complaint, or otherwise complain about the lack of notice of the court's intention to dismiss. Instead, they waited until May 2020 to refile their complaint. The newly filed case was assigned to District Judge Todd M. Shaughnessy. In addition to the claims for breach of contract and breach of the covenant of good faith and fair dealing, the refiled complaint realleged all the causes of action that Judge Chon had previously dismissed. After filing this third complaint, Plaintiffs then waited another four months to serve the Cottonwood Defendants. Plaintiffs took no further action to move the refiled case forward.

¶9    In the meantime, the Cottonwood Defendants had become a plan sponsor for the Debtor Defendants in their Florida bankruptcy case and had negotiated a settlement with the bankruptcy trustee that, if adopted, would include "a bar order prohibiting all present and future litigation arising out [of] or related to the debtors." However, the settlement reached with the trustee was ultimately not approved by the bankruptcy court. Though it expressed sympathy for what it characterized as "relentless, or perhaps even vexatious litigation" by Plaintiffs, the court rejected the settlement at a December 2020 hearing in which it concluded the case did not meet the high standard required for a bar order.

¶10    In January 2021, the Cottonwood Defendants filed two motions to dismiss the refiled Utah case. The first requested dismissal of the complaint for failure to prosecute under rule 41(b) of the Utah Rules of Civil Procedure (the Rule 41(b) Motion), and the second requested dismissal of the complaint for failure to state a claim under rule 12(b)(6) of the Utah Rules of Civil Procedure on various grounds including the expiration of the statute of limitations (the Rule 12(b)(6) Motion).

¶11 Plaintiffs did not file a written response to the Rule 41(b) Motion,[1] but they opposed the Rule 12(b)(6) Motion, raising arguments regarding the appropriate choice of law with respect to the statute of limitations as well as the applicability of the Utah savings statute. At no point in either their pleadings or at oral argument did Plaintiffs assert that the ongoing Florida bankruptcy negotiations justified their lack of action in the Utah case.

¶12 Judge Shaughnessy granted both motions to dismiss with prejudice. He granted the Rule 12(b)(6) Motion based on his conclusion that the refiled complaint was barred by the Delaware statute of limitations—which he found to be the statute applicable to the claims at issue—and that the Utah savings statute did not apply. Judge Shaughnessy also granted the Rule 41(b) Motion as "an independent basis for dismissing the claims in this case."

¶13 Plaintiffs now appeal.

ISSUE AND STANDARD OF REVIEW

¶14 Plaintiffs challenge the district court's ruling with respect to the Rule 12(b)(6) Motion and the Rule 41(b) Motion. However, as we ultimately affirm the district court's ruling on the Rule 41(b) Motion, which was an "independent basis" for dismissal, we need not address the propriety of the district court's grant of the Rule 12(b)(6) Motion. "[W]e review for abuse of discretion the trial court's decision to dismiss for failure to prosecute." *Cheek v. Clay Bulloch Constr., Inc.*, 2011 UT App 418, ¶ 6, 269 P.3d 964.

---

1. Plaintiffs allege on appeal that, as with Judge Chon's Notice of Intent to Dismiss, their California counsel did not receive the Rule 41(b) Motion. However, they took no steps in the district court to rectify this alleged error, such as asking for more time to respond or moving to set aside the court's ruling on the Rule 41(b) Motion.

ANALYSIS

¶15 Rule 41(b) of the Utah Rules of Civil Procedure provides, "If the plaintiff fails to prosecute or to comply with these rules or any court order, a defendant may move to dismiss the action or any claim against it." Utah R. Civ. P. 41(b). In determining whether a district court has exceeded its discretion by dismissing a case for failure to prosecute, we consider "(1) the conduct of both parties; (2) the opportunity each party has had to move the case forward; (3) what each party has done to move the case forward; (4) the amount of difficulty or prejudice that may have been caused to the other side; and (5) most important, whether injustice may result from the dismissal." *Cheek v. Clay Bulloch Constr., Inc.*, 2011 UT App 418, ¶ 7, 269 P.3d 964 (quotation simplified). The burden is on the party "attacking a dismissal for failure to prosecute [to] offer a reasonable excuse for its lack of diligence." *Meadow Fresh Farms, Inc. v. Utah State Univ.*, 813 P.2d 1216, 1218 (Utah Ct. App. 1991).

¶16 The court made the following findings with respect to the failure-to-prosecute factors:

- *Conduct of both parties*: "[T]he record shows that [Plaintiffs have] not been diligent, and [have] offered no convincing reasons for the various delays in the case. The [Cottonwood Defendants], on the other hand, [have] been diligent in prosecuting the case."

- *Opportunity to move the case forward*: "[I]t's clear from the record that [Plaintiffs] had a full and fair opportunity to move the case forward, in particular during the time that that case was pending before Judge Chon."

- *What each side has done to move the case forward*: "[Plaintiffs have] done little to nothing to move the case forward in the years in which it has been pending; and again, the [Cottonwood Defendants have] been diligent."

- *Difficulty or prejudice to the defendant*: "[T]he parties have been litigating this case for around five years. The events in question occurred a decade ago. The evidentiary record in this case is undoubtedly cold. The recollections will have faded, . . . relevant documents are likely gone forever. Also . . . [the Cottonwood Defendants have] been required to expend [substantial sums] in attorney's fees to defend [themselves] against claims that despite the length of time in which they have been pending, have so far never gotten out of the starting gate."

- *Injustice to the plaintiff*: "[T]here's no injustice to [Plaintiffs] because [Plaintiffs] had a full and fair opportunity to litigate these claims."

¶17   On appeal, Plaintiffs challenge these findings on the basis that the court failed to take into account the Cottonwood Defendants' "obstructionist efforts" to seek a bar order in the Florida bankruptcy that would prevent Plaintiffs from pursuing their claims against the Cottonwood Defendants in the Utah case. Plaintiffs assert that had the Cottonwood Defendants been successful in obtaining the Florida bankruptcy court's approval of their settlement agreement with the bankruptcy trustee, it would have made all Plaintiffs' efforts to prosecute the Utah case moot. And for this reason, they assert they were justified in delaying prosecution of their Utah claims until the issues in the Florida bankruptcy could be resolved.

¶18   But Plaintiffs never raised this argument to the district court. In fact, they never filed a written response to the Rule 41(b) Motion at all. We generally consider it "unfair to reverse a district court for a reason presented first on appeal." *Patterson v. Patterson*, 2011 UT 68, ¶ 16, 266 P.3d 828. "Under our adversary system, the responsibility for detecting error is on the party asserting it, not on the court." *Id.* Because Plaintiffs did not provide the district court with any justification for their delays, let alone the

justifications they now assert on appeal, we decline to reverse the district court's ruling on the basis of their new arguments regarding the Florida litigation.

¶19    But even if we were to consider Plaintiffs' arguments, we are not convinced that the district court exceeded its discretion in granting the dismissal here. There is nothing about the Florida bankruptcy proceedings that actively prevented Plaintiffs from pursuing litigation in Utah. And if they believed that the Florida case might render their efforts in the Utah case moot, they should have taken steps to formally delay the Utah litigation rather than simply neglect it. But they did not request a stay of this action pending the outcome of the Florida bankruptcy; they appear to have dragged their feet on discovery in the initial case before Judge Chon even before the Florida bankruptcy was filed; they took no steps to avoid having their previous case dismissed by Judge Chon or to set aside the dismissal after it occurred; and they waited seven months to refile their claim after it was dismissed, waited another four months to serve the Cottonwood Defendants with the claim, and then took no further action until the Cottonwood Defendants filed their motions to dismiss. The Cottonwood Defendants, on the other hand, made initial efforts to conduct discovery and stopped working to move the case forward only after Plaintiffs resisted their discovery attempts. And ultimately, the Cottonwood Defendants did not have the same responsibility to move the case forward that Plaintiffs had. *See Cheek*, 2011 UT App 418, ¶ 8 ("[T]he plaintiff bears the primary responsibility for advancing the case and . . . the defendant's responsibility in this area is limited . . . to responding timely to the action, expeditiously attending to discovery, and moving any counterclaim along. The defendant has no general responsibility to move [the] plaintiff's action to judgment." (quotation simplified)). Given the length of time this case has been pending and Plaintiffs' complete lack of effort to move it forward, we do not believe the district court abused its discretion in dismissing the case for lack of prosecution.

CONCLUSION

¶20 Because Plaintiffs presented the district court with no justification for their delays in prosecuting their case, we conclude that the district court did not exceed its discretion in dismissing their claims under rule 41(b) of the Utah Rules of Civil Procedure. Accordingly, we affirm and award the Cottonwood Defendants their costs on appeal.

_____

<u>CERTIFICATE OF MAILING</u>

I hereby certify that on the 20th day of January, 2023, a true and correct copy of the attached OPINION was sent by standard or electronic mail to be delivered to:


ERIC V ANDERTON
CATANZARITE LAW FIRM
eanderton@catanzarite.com

SEAN N EGAN
ATTORNEY AT LAW
SEANNEGAN@SNEGANLAW.COM

MATTHEW L. LALLI
SARAH ANNE HAFEN
SNELL & WILMER LLP
MLALLI@SWLAW.COM
SAHAFEN@SWLAW.COM

HENRY H OH
SHUMENER ODSON & OH LLP
hoh@soollp.com

HONORABLE TODD M. SHAUGHNESSY
THIRD DISTRICT, SALT LAKE

THIRD DISTRICT, SALT LAKE
ATTN: CHERYL AIONO
cheryla@utcourts.gov

_____
Judicial Secretary


TRIAL COURT: THIRD DISTRICT, SALT LAKE, 200903397
APPEALS CASE NO.: 20210498-CA